72 N.J. Super. 432 (1962)
178 A.2d 632
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ANTHONY M. ZOPPI, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 5, 1962.
Decided February 19, 1962.
*434 Before Judges CONFORD, GAULKIN and KILKENNY.
Mr. Sheldon Schachter argued the cause for appellant.
Mr. Peter Murray argued the cause for respondent (Mr. Brendan T. Byrne, County Prosecutor of Essex County, attorney).
The opinion of the court was delivered by KILKENNY, J.A.D.
On September 6, 1961 Anthony M. Zoppi, an attorney at law of New Jersey, was summarily convicted of a contempt in facie curiae and was fined $25 by the Municipal Court of the Town of Nutley, because he allegedly continued to argue against the court's announced grant of a two-weeks' adjournment of a case involving his client after the court twice warned him that further argument would result in his being held guilty of contempt.
In his appeal to this court pursuant to N.J.S. 2A:10-3, Mr. Zoppi contends (1) that he was not given an opportunity to be heard as to the alleged contempt before the adjudication of his guilt thereof and imposition of the fine; and (2) that his conduct was not such as to constitute a contempt in the face of the court. Unfortunately, there was no stenographic transcript of the proceedings, even though Mr. Zoppi had a stenographer in court, who was not sworn because of the adjournment.
The appellant has improperly included as part of the appendix his own uncertified "Statement of Record," setting forth his version of the facts, and an ex parte affidavit in partial support thereof made by Neil R. Rice, the stenographer engaged by Mr. Zoppi to take stenographically the trial involving Mr. Zoppi's client. Where, as here, there was *435 no stenographic transcript, the appellant may submit a statement in lieu thereof to the trial court for approval. R.R. 1:6-3; R.R. 2:6. Appellant claims that he submitted the statement to the trial judge and the latter ignored it. However, appellant did not object to the magistrate's certified statement of the facts which resulted in the adjudication of contempt, and made no application to the magistrate or to this court for any modification or amplification of the record. See R.R. 1:6-6. Therefore, we are obliged under the rules to disregard the contents of the appellant's "Statement of Record" and Mr. Rice's affidavit.
We also find objectionable as part of the appendix a so-called "Complaint Report" made by the Deputy Court Clerk of the Municipal Court, purporting to summarize the facts which gave rise to the conviction for contempt. While the court clerk may and should make suitable entries as to the nature and disposition of matters before the court, his unsworn summary of the evidence cannot be accepted in lieu of a stenographic transcript or the trial judge's own certified statement. Accordingly, we have given no consideration to the clerk's report of the happening.
R.R. 8:8-1, relating to contempt proceedings in municipal courts, provides:
"A criminal contempt may be punished summarily if the magistrate certifies that he saw or heard the conduct constituting the contempt and that it was committed in the actual presence of the court, or in all instances of failure to obey a summons or subpoena of the court if properly served. The order of contempt shall recite the facts and shall be signed by the magistrate and entered of record after the defendant is given an opportunity to be heard." (Emphasis added)
In this instance, the order of contempt did recite the facts, was signed by the magistrate and was entered of record. As to defendant's opportunity to be heard, the magistrate's certification shows, inter alia, the following:
"* * * the court reminded said Attorney that if he continued to argue with the court he would be held in contempt of court; the *436 court after sounding the gavel and warning said Attorney on two occasions and said Attorney ignoring the court's warnings of being held in contempt, the court adjudged said Attorney in contempt of court and imposed a fine of $25.00."
The record appears clear that up to this point, at which the court determined defendant's guilt of contempt and imposed the fine, the attorney had not been given any opportunity to be heard as to why he should not be adjudged guilty of contempt.
However, the magistrate's certification states additionally in a subsequent paragraph:
"It is Adjudged that the said Anthony M. Zoppi, Esq. has been summarily convicted of the offense of contempt as hereinabove certified; the court stated that it would afford him an opportunity to state why judgment should not be pronounced but said Attorney refused to listen to the Court and immediately entered the Clerk's Office where his fine was paid." (Emphasis ours)
As we read the above statement, the magistrate first made the adjudication of guilt and imposed the $25 fine before affording the attorney an opportunity to be heard. We deem that procedure to be irregular and not in harmony with the spirit of R.R. 8:8-1. Judgment of guilt and imposition of the fine should have been withheld until after the alleged contemnor had been given an opportunity to be heard. The pronouncement of guilt before according that opportunity places the defendant at the disadvantage of trying to persuade a mind apparently already made up, and also puts the judge in the possibly embarrassing position of reversing himself if such persuasion results. Cf. Testut v. Testut, 32 N.J. Super. 95, 101 (App. Div. 1954).
After conduct by a person in the presence of the court deemed prima facie contemptuous, the court should properly announce that the conduct raises a question whether the person should not be held and the individual charged should state why he should not be held in contempt. This could be done at once or at a later time in the discretion of the court. It would ordinarily be wiser for the offended judge *437 to defer any final adjudication of contempt and the imposition of a penalty until the air is less charged and a more dispassionate appraisal of the situation can be made.
The balance between an attorney's zealous pursuit of his client's interest and an over-aggressiveness which impugns the dignity of the court is sometimes a very delicate one. However, when a trial judge has made a ruling after hearing counsel's position in the matter and has stated clearly that no further argument will be entertained with reference thereto, an attorney should not persist, regardless of his opinion as to the correctness of that ruling. Prejudicial error in the ruling can always be corrected by an appropriate appeal.
We express no opinion at this time as to the merits of the conviction. Consistent with the procedure adopted in State v. Zarafu, 35 N.J. Super. 177 (App. Div. 1955), the judgment of conviction herein is reversed and the matter is remanded to the municipal court, so that Mr. Zoppi may be given an opportunity to be heard as to why he should not be adjudged guilty of contempt for his conduct before the court on September 6, 1961. The judge should then determine whether defendant was guilty of contempt and, if so, what the punishment, if any, should be. We recommend a stenographic record be made of the new proceedings.
Reversed and remanded accordingly.