76 N.J. Super. 337 (1962)
184 A.2d 535
STATE OF NEW JERSEY, PLAINTIFF,
v.
ALEJANDRO DIAS, DEFENDANT.
IN THE MATTER OF CALVIN J. HURD, CHARGED WITH CRIMINAL CONTEMPT.
Superior Court of New Jersey, Appellate Division.
Argued September 17, 1962.
Decided October 2, 1962.
*338 Before Judges PRICE, SULLIVAN and HERBERT.
Mr. Calvin J. Hurd, attorney pro se, argued the cause for appellant.
Mr. Peter Murray, Assistant Prosecutor, Essex County, argued the cause for respondent, State of New Jersey (Mr. Brendan T. Byrne, Prosecutor of Essex County, attorney; Mr. Murray, of counsel and on the brief).
The opinion of the court was delivered by PRICE, S.J.A.D.
Appellant Calvin J. Hurd, an attorney of this State, was convicted by a judge of the County Court, Law Division, of contempt committed in the actual *339 presence of the court. He was fined $25. He seeks a reversal of the conviction on the sole ground that the evidence at the hearing did not establish his guilt beyond a reasonable doubt.
The contempt conviction was based on appellant's inexcusable failure to appear in the County Court as directed for the scheduled hearing of a "municipal appeal" in which defendant Alejandro Dias was represented by appellant, as attorney. The case was first scheduled for hearing on November 29, 1961 at 9:30 A.M., and was adjourned to December 4, 1961 because of Mr. Hurd's inability to appear due to a court engagement in another county, of which fact the trial judge was not apprised until after court convened on November 29, 1961. On December 4, 1961 Mr. Hurd was present but his client did not appear. On that occasion the trial judge, in the presence of Mr. Hurd, peremptorily scheduled the Dias appeal for hearing on December 6, 1961 at 9:30 A.M. On that day Mr. Hurd did not appear until 9:52 A.M. The order adjudging him in contempt recites that his excuse for his failure to appear on December 6, 1961, as directed, was that "he had been detained because of legal matters requiring attention in his law office." The court, finding his excuse unsatisfactory, adjudged that he was guilty of contempt committed "in the actual presence of the Court" and with "the intent to contemn the authority and dignity of the Court, and obstruct the due administration of justice * * *."
R.R. 1:5-2, 2:5, defining our scope of review of summary contempt convictions, provides for a review "both upon the law and the facts." In Zimmerman v. Zimmerman, 12 N.J. Super. 61, 69 (App. Div. 1950), we held that the review is a "trial de novo * * * [with] the facts * * * determined by a review of the evidence already taken, at least where the accused had a full opportunity to present his side of the case, and a stenographic transcript is available." See also, State v. Zarafu, 35 N.J. Super. 177, 183 (App. Div. 1955).
*340 In the instant case appellant makes no contention that he was not accorded a full hearing by the trial court; neither does he deny that the alleged contempt is one which can be deemed to have taken place in the "actual presence of the court." N.J.S. 2A:10-1; cf. State v. Gussman, 34 N.J. Super. 408, 414-417 (App. Div. 1955).
From the stenographic record before us we conclude that the County Court was fully justified in its finding that the "excuse" advanced by Mr. Hurd for his tardiness was unsatisfactory and that his delayed appearance, coupled with the wholly inadequate "excuse" therefor, constituted contumacious conduct. The power summarily to punish for contempt committed in the actual presence of the court is essential to the court's protection in discharging its functions. See In re Clawans, 69 N.J. Super. 373, 378 (App. Div. 1961), certif. denied 36 N.J. 296 (1962); State v. Zarafu, supra, 35 N.J. Super., at p. 182.
The summary conviction of appellant is affirmed.