CHARLES L. KELLAR, APPELLANT, v. THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, RESPONDENT.

No. 5916

June 10, 1970

470 P.2d 434

*Raymond E. Sutton,* of Las Vegas, for Appellant.

*George E. Franklin, Jr.,* District Attorney, *George E. Holt,* Deputy District Attorney, Clark County, for Respondent.

## O P I N I O N

*Per Curiam:*

On February 4, 1969, the appellant, Charles L. Kellar, a duly licensed attorney authorized to practice law in all courts in the State of Nevada, was cited for contempt[1] by the Honorable Thomas J. O'Donnell, District Judge, for his failure to appear, as the attorney of record, at arraignments for his client scheduled on the previous day.

The appellant objected to Judge O'Donnell presiding at the contempt hearing, so the matter was heard[2] by the Honorable John F. Mendoza, District Judge. The appellant was found guilty of contempt and a fine of $150 was levied[3] against him. This appeal is taken from that judgment.

---

[1]NRS 22.010(3): "Disobedience or resistance to any lawful writ, order, rule or process issued by the court or judge at chambers."

[2]NRS 22.090: "When the person arrested has been brought up or appeared, the court or judge shall proceed to investigate the charge, and shall hear any answer which the person arrested shall make to the same, and may examine witnesses for or against him, for which an adjournment may be had from time to time if necessary."

[3]NRS 22.100: "Upon the answer and evidence taken, the court or judge or jury, as the case may be, shall determine whether the person proceeded against its guilty of the contempt charged; and if it be found that he is guilty of the contempt, a fine may be imposed on him not exceeding $500, or he may be imprisoned not exceeding 25 days, or both, but no imprisonment shall exceed 25 days except as provided in NRS 22.110."

On January 27, 1969, the appellant was in court with his client who was charged with three separate criminal offenses. At that time a continuance of the arraignments was requested. Honoring the request, Judge O'Donnell continued the arraignments until February 3, 1969 at 9:15 a.m. Immediately thereafter the judge changed the setting to February 3, 1969 at 1:45 p.m. Because the appellant had already left the courtroom the judge specifically instructed Irene Lucas, the deputy Clerk present, to contact the appellant and advise him of the change in the time for the arraignments of his client. Irene Lucas did not personally call the appellant, but Lynn Gudeman, in her presence did call his office. The woman who answered the phone put the appellant on the line. Lynn Gudeman testified that she talked to the appellant; that she recognized his voice and that she told him of the change in the arraignment schedule. The appellant testified that he did not recall the conversation and did not believe he was in his office when the call was claimed to have been made.

Margaret Cotton, a secretary in the office of the district attorney for Clark County, testified that she spoke to the appellant on the phone, on either January 27, 1969 or January 28, 1969, and reminded him of the new time for the arraignments of his client. The appellant again did not recall this conversation and doubted that he was at his office when Margaret Cotton claimed she made the call.

Early on the morning of February 3, 1969, the calendar for Judge O'Donnell's department was posted outside that courtroom door. On the second page of the calendar was listed, at the hour of 1:45 p.m., the arraignments of the appellant's client, together with the appellant's name as counsel. The appellant testified that he saw the calendar, but because his name was not listed at 9:15 a.m., he did not examine it further.

On January 31, 1969, a written notice from Judge O'Donnell was mailed to all members of the Clark County Bar, advising them that, beginning February 3, 1969, all criminal matters, except jury trial settings would be heard at 1:45 p.m. Both the appellant and his wife, Cornelia Kellar, who is also his secretary and office manager, testified that they had not received the written notice. Cornelia Kellar stated: "I didn't pay any attention to it anyway." The appellant stated, "I never look at this stuff. This is the office's job."

The appellant testified that he was in the justice's court in the Clark County Courthouse on another matter at 2:00 p.m., on February 3, 1969, and it would have been impossible for

him to be in Judge O'Donnell's department at 1:45 p.m., on that same day.

The appellant contends that the trial court erred in finding and concluding that his conduct was contemptuous because he wilfully disobeyed a court order. Therefore we must ascertain whether there was sufficient evidence before the trial court to sustain its order and judgment.

We find that the written order mailed on January 31, 1969, was ineffective against this appellant in this particular matter. Although there is the presumption that a letter duly directed and mailed was received in the regular course of the mail, NRS 52.070(18), nevertheless, the appellant was entitled to the benefit of NRCP Rule 6(a)(e)[4] which superseded Rule XXIV of the District Court Rules of 1887.

In this case the appellant was given every consideration. Rather than proceeding summarily (Lyons v. Superior Court, 278 P.2d 681 (Cal. 1955); In re Clawans, 174 A.2d 367 (N.J. Super. 1961); Chula v. Superior Court, 368 P.2d 107 (Cal. 1962)). Judge O'Donnell issued an order to show cause and the appellant was given an opportunity to appear and offer testimony to purge himself of the contempt charged. When the appellant challenged Judge O'Donnell, and requested his disqualification, the judge complied and assigned the matter to Judge Mendoza, who determined that the matter was quasi-criminal in nature[5] and required the respondent to prove the contempt beyond a reasonable doubt. Powers v. Taylor, 378 P.2d 519 (Utah 1963); Hotaling v. Superior Court, 217 P. 73 (Cal. 1923).

---

[4]NRCP Rule 6(a)(e): "(a) In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a non-judicial day, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a non-judicial day. When the period of time prescribed or allowed is less than 7 days, intermediate Saturdays, Sundays, and non-judicial days shall be excluded in the computation."

"(e) Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper, other than process, upon him and the notice or paper is served upon him by mail, 3 days shall be added to the prescribed period."

[5]NRS 199.340(4): "4. Willful disobedience to the lawful process or mandate of a court; or . . . ."

The absence or tardiness of an attorney from a courtroom or other place where he has a duty to appear before a judge or other officer of the court at a designated time, to participate in a hearing, trial or other proceeding in which he is counsel, for a party, may constitute contempt, unless the failure to appear is due to the attorney's inability or incapacity without fault to be present or punctual. Chula v. Superior Court, supra; Lyons v. Superior Court, supra; Arthur v. Superior Court of Los Angeles County, 398 P.2d 777 (Cal. 1965); People v. McDonnell, 37 N.E.2d 159 (Ill. 1941); cases collected in 97 A.L.R.2d 431.

If the appellant had not known of the order changing the time for his client's arraignments, or if he had been unable to appear through no fault of his own, his actions could not have been considered willful.

The trial court correctly found that the appellant had timely notice of the order setting the arraignments of his client for February 3, 1969 at 1:45 p.m. Cf. Belden v. Stott, 83 N.E.2d 58 (Ohio 1948); Crucia v. Behrman, 84 So. 525, 527 (La. 1920); Arthur v. Superior Court of Los Angeles County, supra.

Two witnesses testified positively that six or seven days before the scheduled arraignments they personally conversed with the appellant, by phone, and advised him of the order changing the time of the arraignments. The appellant did not categorically deny receiving these phone calls but contended that he had no independent recollection of them.

In McClellan v. David, 84 Nev. 283, 439 P.2d 673 (1968), we said: "Testimony of a witness that he does not remember whether a certain event took place does not contradict positive testimony that such event or conversation took place." In that case we went on to hold there was no credible evidence before the lower court to show that the neglect of the respondent was excusable under the circumstances.

Furthermore, the calendar posted outside Judge O'Donnell's courtroom contained notice of the time for the arraignments of the appellant's client. Although the appellant admitted examining the calendar, he did not feel compelled to look beyond the first page.

In support of his contention that he was unable to appear through no fault of his own, the appellant testified that he was

in Justice's Court at 2:00 p.m. on February 3, 1969. The trial court correctly found that excuse to be insufficient. The appellant had ample time after notice of the order setting the new time for the arraignments to contact Judge O'Donnell or the justice of the peace, or both of them, to resolve the possible conflict.

Ex parte Butler, 372 S.W.2d 686 (Tex.Cr.App. 1963), relied upon by the appellant, suggests that there can be no contempt when an attorney has two matters pending in different courts. However, in that case the facts do not indicate how long Butler had known of the conflict. Here the appellant had notice, for nearly a week in advance, that he was to appear in Judge O'Donnell's department at 1:45 p.m. on February 3, 1969.

In re Shorter, 236 A.2d 318 (D.C.App. 1967), that court said: "The predicament in which appellant now finds himself might well have been averted. Had he informed the trial judge or the other judges of the conflicts in his court appointments, he might have been able to rearrange or postpone his various scheduled appearances." Cf. Lee v. Bauer, 72 So.2d 792 (Fla. 1954); Taylor v. District Court for Fourth Jud. Dist., 434 P.2d 679 (Alas. 1967); Arthur v. Superior Court of Los Angeles County, supra.

Here the appellant's explanations were not accepted by the trial court as being believable, and this court must accept that factual determination. The law on this point is well settled. Where there is substantial evidence in the record to support the trial court's decision, it will not be reversed on appeal. State v. Varga, 66 Nev. 102, 205 P.2d 803 (1949); Criswell v. State, 84 Nev. 459, 443 P.2d 552 (1968); Utley v. Airoso, 86 Nev. 116, 464 P.2d 778 (1970); Havas v. Alger, 85 Nev. 627, 461 P.2d 857 (1969); Coleman v. Benson, 85 Nev. 594, 460 P.2d 158 (1969); Richfield Oil Corp. v. Harbor Insurance Co., 85 Nev. 185, 452 P.2d 462 (1969).

The record shows that Judge O'Donnell's order setting the arraignments at 1:45 p.m. on February 3, 1969, was communicated to the appellant in a timely manner and that he had the ability to appear at the ordered time and place, but nevertheless, without sufficient reason or excuse failed to appear. The appellant was apprised of the charge against him and he was given a full opportunity to present evidence in support of his claim that his conduct was excusable. The record clearly shows that the trial court was justified in holding him

guilty of contempt on the basis of his failure to punctually appear.

Judgment affirmed.