Strafford
No. 7931

THE STATE OF NEW HAMPSHIRE,
DEPARTMENT OF HEALTH & WELFARE
DIVISION OF PUBLIC HEALTH SERVICES

v.

GEORGE BLAISDELL

January 16, 1978

6

*David H. Souter,* attorney general (*Andrew R. Grainger,* attorney, orally), for the State.

*Devine, Millimet, Stahl & Branch,* of Manchester (*Shane Devine* orally), for the defendant.

MEMORANDUM OPINION

Petition for contempt based on violations of licensing requirements of RSA 151:2 (Supp. 1975) (nursing home) and RSA 151-A:2 (Supp. 1975) (nursing home administrator).

Briefly, the pertinent facts are as follows: On August 28, 1972, the defendant was found in contempt of a court order entered by *King,* J., on August 15, 1972, enjoining operation of defendant's premises as a nursing home. On July 3, 1973, the State filed a second petition for an order of contempt and the court issued an order permitting inspection of defendant's facility by the department of health and welfare. On October 10, 1973, after hearing, the defendant was again found in contempt of the August 15 order and committed to jail for fifteen days. After seven days in jail the defendant was ordered released on his motion to be purged of contempt. In early November 1973, a motion for rehearing requesting "an adjudication of the question of what use of his facility will be permitted by the Court" was filed accompanied by an offer of proof. On November 7, 1973, the court ruled that "on its face this motion requires no action by this Court." On October 6, 1976, another petition for contempt, the subject of the present proceedings, was filed by the State.

On April 15, 1977, after hearing, the Superior Court (*Mullavey,* J.) found the defendant in contempt of court for a third time "in that he continued his business operations in violation of the Court's orders dated August 15, 1972, and November 9, 1973." A thirty-day jail sentence was imposed. Defendant appeals.

 The defendant's contention is that there is "an essential lack of evidence sufficient to carry the State's burden of proof

beyond a reasonable doubt. . . ." We agree that in criminal contempts the State must prove beyond a reasonable doubt that the defendant was in violation of the court order. *State v. Linsky,* 117 N.H. 866, 379 A.2d 813 (1977). The credibility of the witnesses and the weight to be given to the evidence is a question to be resolved by the trial court. *Sullivan v. Chapman,* 117 N.H. 1060, 381 A.2d 749 (1977). A review of the record reveals evidence to support the findings made and the verdict entered by the court must therefore stand. *Wilson v. Came,* 117 N.H. 1020, 381 A.2d 32 (1977); *Wheelen v. Robinson,* 117 N.H. 1032, 381 A.2d 742 (1977).

*Exception overruled.*

LAMPRON, J., did not sit.