## 63899. JARRARD v. THE STATE.

Birdsong, Judge.

Chester Jarrard was convicted in three counts of a violation of the Georgia Controlled Substances Act and sentenced to three concurrent ten-year terms, five to be served followed by five years on probation. Jarrard brings this appeal enumerating three alleged errors. *Held:*

1. Jarrard complains that the trial court erred in denying a motion for a directed verdict of not guilty at the conclusion of the state's evidence.

Under the evidence, the jury was warranted in concluding that on October 14, 1980, a United States Marshal went to the residence occupied by Jarrard, his wife and one boarder to serve a bench warrant calling for Jarrard's arrest for failure to appear at a trial. Upon entering the house, the marshal observed in plain view numerous items of contraband (i.e., water pipes for use in smoking

marijuana, "roaches" in the fireplace, and other items of a like character). The marshal notified county authorities. It was established that the house was known to the authorities, that Jarrard was one of the known residents, and that Jarrard had been observed entering and leaving the premises on many occasions. When the county authorities arrived, a search of the premises uncovered a box containing marijuana seeds in the hall downstairs, and in the room occupied by Jarrard and his wife, a man's sock in which was found a quantity of methamphetamine and a small medicine vial upon which appeared appellant's name in which was found a quantity of quaalude (methaqualone).

Under such evidence, the jury was warranted in concluding that the methaqualone and methamphetamine found in Jarrard's room, the former in a sock used by a man and the latter in a bottle containing his name as sufficiently connected to him to warrant a conclusion that Jarrard was the possessor thereof or at least a joint possessor with the other occupant of that room, his wife. There was no evidence that any other person had access to the room or its contents. As to the marijuana seeds, though they were found in a common area of the house, there was evidence that Jarrard smoked marijuana in the house and more particularly in pipes which Jarrard conceded belonged to him. At the minimum, such evidence logically established that Jarrard was a joint possessor with the other residents of the items that were found in the house that was leased by the Jarrards and which indisputably was under his and his wife's control inasmuch as they rented a portion of the house to a boarder.

In reviewing the overruling of a motion for a directed verdict of acquittal, the proper standard to be utilized by this court is the "any evidence" test (*Bethay v. State,* 235 Ga. 371 (219 SE2d 743)) and only where there is no conflict in the evidence and a verdict of acquittal is demanded as a matter of law, is it error for a trial court to refuse to direct a verdict of acquittal. *Merino v. State,* 230 Ga. 604 (198 SE2d 311); *Allen v. State,* 137 Ga. App. 302, 303 (223 SE2d 495). Certainly under the evidence presented, there was evidence to warrant submitting the issue to the jury. Moreover, we are satisfied that any rational trier of fact would have been warranted in concluding beyond reasonable doubt that Jarrard possessed the contraband drugs knowingly, exclusively or at least jointly. *Baldwin v. State,* 153 Ga. App. 35, 37 (264 SE2d 528). We find no merit in this first enumeration of error.

2. Jarrard also argues that the trial court erred in not, sua sponte, directing a mistrial, when the state asked a witness if Jarrard was a member of the "Pagan Motorcycle Club" (enumeration 1). Appellant contends the simple asking of the question (which was not

answered) erroneously placed Jarrard's character in issue. In the first place, being a member of a motorcycle club does not place a person's character into disrepute in the absence of evidence showing the nature of the club's reputation and that the reputation is bad. Such evidence does not appear in this transcript. Moreover, the trial court effectively reprimanded the state's counsel for asking a question of such dubious relevancy and sustained an objection thereto and forcefully restricted the state from pursuing the question in the absence of a greater showing of relevancy. At no time did the defense seek the trial court to strike the evidence; neither did counsel seek a mistrial nor request further corrective action. Under such circumstances, the trial court did not err in failing, sua sponte, to take further corrective action or by not directing a mistrial. See *Osteen v. State,* 83 Ga. App. 378, 381 (63 SE2d 692); *Jones v. State,* 139 Ga. App. 643, 644 (229 SE2d 121); *Pitts v. State,* 141 Ga. App. 845, 846 (234 SE2d 682). There is no merit in this enumeration.

3. In the last enumeration for discussion, appellant complains that the trial court actively participated in the questioning of witnesses, and discussed the evidence and the conduct of the defense in such a way as to amount to an expression of opinion and depart from judicial impartiality.

We have examined the transcript carefully. We are in agreement with the premise that no party at a trial wields more influence with a jury than does the trial judge. However, our examination fails to disclose impropriety by the trial judge. In several of the instances upon which complaint is based, we observed that counsel asked questions which called for answers that already manifestly were apparent (i.e., how many months is it from October to February). On other occasions, counsel was covering ground that had already been covered one or more times. On others, the court inquired into areas that were murky or deserved illumination if the jury was to be able to perform its fact finding function. At no point, however, do we find that the trial court's actions tended to favor one side of the controversy over the other nor did we find the comments made to counsel in making rulings or explaining to counsel a particular ruling amounted to a comment upon the evidence nor manifested a bias either for or against either party. Moreover, we note that only on one occasion was an objection voiced and that, because the court cautioned the defense to move along. Appellant concedes that the trial court has the authority to control, in the furtherance of justice, the conduct of its officers and all other persons connected with a judicial proceeding before it. *Davis v. State,* 127 Ga. App. 76 (3) (192 SE2d 538). Moreover, the trial judge has the right to propound a question or a series of questions to any witness for the purpose of

developing fully the truth and the extent of the examination conducted by the court is a matter within its discretion. *Thomas v. State,* 240 Ga. 393, 400 (242 SE2d 1). We find no abuse of discretion in this case.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED JUNE 18, 1982 —
REHEARING DENIED JULY 15, 1982.

*Michael C. Garrett,* for appellant.
*Sam B. Sibley, Jr., District Attorney, Charles R. Sheppard, Bill Lumpkin, Assistant District Attorneys,* for appellee.