## 68356. IN RE CRANE.

DEEN, Presiding Judge.

Robert Crane was found guilty of contempt of the State Court of DeKalb County and sentenced to 20 days in jail and a fine of $200.

Judge Ralph Carlisle had appellant arrested for contempt of

---

court after the accused made a series of telephone calls to the judge's secretary and the deputy clerk of court. Crane used vulgar and insulting language to the women because the judge would not speak to him about a default judgment which had been entered against him.

1. The evidence is sufficient to sustain a conviction for criminal contempt. Indirect criminal contempt consists of contumacious conduct outside the presence of the court which amounts to an obstruction of the administration of justice. *Clark v. State*, 90 Ga. App. 330 (83 SE2d 45) (1954). As stated in *City of Macon v. Massey*, 214 Ga. 589, 592 (106 SE2d 23) (1958), "[t]he time has not yet arrived in Georgia when a person dissatisfied with the results of a judicial proceeding may with impunity require the judge to discuss the matter with him by telephone, in his office, or elsewhere and thereafter, as a result of the refusal of the judge to discuss the case . . . challenge the judge to engage in a physical encounter or brawl." We believe, in the instant case, court personnel need not be subjected to abusive and frightening language because the judge refuses to discuss a party's case. Crane did not go to the judge's office, but he did send his wife. The judge's secretary informed her that they needed to have their lawyer handle their problem, as the judge could not discuss it with them. Unwilling to accept this refusal, the Cranes continued to telephone the judge's office demanding to speak to the judge. Mr. Crane called the secretary vulgar names when she refused to put the call through to Judge Carlisle, and he referred to the judge as "a son-of-a-bitch." The secretary testified that both Crane and his wife identified themselves when they called, that their conversations referred to their previous calls, and that the language used by appellant was offensive and of such a nature as to incite a person to violence. The clerk of court testified that she received calls from Crane requesting to "speak to that son-of-a-bitch Carlisle." The secretary also testified that after arraignment on the contempt citation, appellant continued calling and requesting to speak to the judge, and that she again explained the judge could not discuss a pending case.

The notice issued by Judge Carlisle on August 26, 1983, was adequate. It stated the time of the hearing and the nature of the charges against Crane. *Crocker v. Crocker*, 132 Ga. App. 587 (208 SE2d 602) (1974).

Voice identification is analogous to visual identification, and the certainty of such evidence is a question for the trier of fact. *Wallace v. State*, 156 Ga. App. 525 (275 SE2d 110) (1980). Here the witness stated her reasons for believing the caller to be Crane, and the trial court was justified in finding that Crane was the caller.

We further find that an indirect criminal contempt was proved by a preponderance of the evidence, as required under *Farmer v. Holton*, 146 Ga. App. 102, 108 (245 SE2d 457) (1978), cert. denied 440

U. S. 958 (1979).

2. Judge Carlisle did not err in sitting as trier of fact in the contempt hearing. There is no merit in appellant's argument that the judge was an unsworn witness in the case. A judge may, in his discretion, ask questions of a witness. *Jarrard v. State*, 163 Ga. App. 99, 101 (292 SE2d 488) (1982); *Thomas v. State*, 240 Ga. 393, 400 (242 SE2d 1) (1977), cert. denied 436 U. S. 914 (1978). See OCGA §§ 9-10-7, 17-8-55 (Code Ann. § 81-1104). We find no abuse of the court's discretion.

There is no evidence that the judge reacted to the contumacious conduct in such a manner as to become involved in the controversy. See *Dowdy v. Palmour*, 251 Ga. 135 (304 SE2d 52) (1983) wherein it was held in a case involving direct criminal contempt that the contumacious conduct of an attorney during a trial was directed towards the judge and thereafter the judge became involved in the controversy and, as a result, due process required that the attorney's contempt hearing be conducted by another judge.

*Judgment affirmed. McMurray, C. J., and Sognier, J., concur.*

DECIDED MAY 3, 1984 —
REHEARING DENIED MAY 17, 1984 —

*Phillip J. Walsh*, for appellant.
*Ralph T. Bowden, Jr., Solicitor, Linda S. Finley, Assistant Solicitor, George P. Dillard*, for appellee.