### 41234. IN RE CRANE.
(324 SE2d 443)

MARSHALL, Presiding Justice.

Robert Crane was found guilty of contempt of the State Court of DeKalb County, and sentenced to 20 days in jail and a $200 fine. There was evidence that Crane made a series of telephone calls to the secretary of the judge of that court and to the deputy clerk of the court, using vulgar and insulting language to the women, because the judge would not speak to him about a default judgment which had been entered against him in that court. The Court of Appeals affirmed the conviction. *In re Crane*, 171 Ga. App. 31 (318 SE2d 709) (1984).

We granted Crane's application for the writ of certiorari to consider whether the judge should have disqualified himself in the trial of this case, and whether this court should re-examine the standard of proof necessary to hold a person in criminal contempt.

1. The ABA Standards, Special Functions of Trial Judge, Stan-

dard 6-4.5, Referral to another judge (1980), provides that a judge in a contempt proceeding should disqualify himself when he "was so integrated with the contempt so as to have contributed to it or was otherwise involved . . . [so that] his objectivity could reasonably be questioned." Except in the case of a direct contempt (i.e., committed in the presence of the court), which must be summarily dealt with, a contempt matter should be referred to another judge and handled by him. Mayberry v. Pennsylvania, 400 U. S. 455 (91 SC 499, 27 LE2d 532) (1971); Daniel, Ga. Crim. Trial Practice (2d ed.) § 27-4, p. 682; *Spruell v. State*, 148 Ga. App. 99 (1) (250 SE2d 807) (1978). "Judges should disqualify themselves in proceedings in which their impartiality might reasonably be questioned, including but not limited to instances where: (a) the judge has a personal bias or prejudice concerning a party or a party's lawyer; . . . (d) the judge . . .: (iv) is to the judge's knowledge likely to be a material witness in the proceeding." Georgia Code of Judicial Conduct, Canon 3, C (1), 251 Ga. 900. A judge may not try a criminal case where he drew the indictment or otherwise participated in the case. *Faulkner v. Walker*, 36 Ga. App. 636 (137 SE 909) (1927). Even in a case involving *direct* criminal contempt, where the contumacious conduct of an attorney during a trial was directed toward the judge and thereafter the judge became involved in the controversy, it was held that due process required that the attorney's contempt hearing be conducted by another judge. *Dowdy v. Palmour*, 251 Ga. 135 (304 SE2d 52) (1983). "The Federal Constitution, which is of course binding on the states, thus provides a minimum standard, but the state may be more restrictive under its own constitution. Oregon v. Hass, 420 U. S. 714, 719, n. 4 (95 SC 1215) (1975)." *Pope v. City of Atlanta*, 240 Ga. 177, 178, n. 1 (240 SE2d 241) (1977).

In the case at bar, the judge had been present in the office of his executive secretary of five years when, or after, Mrs. Crane had come in and demanded to see the judge. At the contempt hearing, it is apparent that the judge had had communication, either directly or indirectly, with the contemner and his wife, as well as with the judge's executive secretary, and it is apparent from the record that he felt that the contemner had done the contumacious acts with which he was charged. The judge's participation in the matter went beyond his mere exercise of discretion to ask questions of a witness. See *Williams v. State*, 250 Ga. 664 (2) (300 SE2d 685) (1983); *Jarrard v. State*, 163 Ga. App. 99, 101 (3) (292 SE2d 488) (1982); OCGA §§ 9-10-7, 17-8-55. His impartiality might reasonably be questioned by reason of his knowledge that he was likely to be a material witness in the proceeding (which, in fact, he was), the fact that the contumacious conduct was directed toward the judge, and the fact that he was so involved in the controversy and integrated with the contempt so as to have con-

tributed to it or was otherwise involved so that his objectivity could reasonably be questioned. Accordingly, the judge should have disqualified himself in the trial of the contempt proceeding.

2. With regard to the standard of proof necessary to hold a person in criminal contempt, our courts have heretofore held: " '(T)he matter is not, strictly speaking, a criminal case, but is only quasi-criminal. It is tried under the rules of civil procedure, rather than under the rules of criminal procedure, and a *preponderance of evidence* is sufficient to convict the defendant, as against the requirement of removal of any reasonable doubt which prevails in criminal cases.' *Hill v. Bartlett*, 124 Ga. App. 56 [(183 SE2d 80) (1971)]; *Renfroe v. State*, 104 Ga. App. 362, 365 (121 SE2d 811) (1961); *Pedigo v. Celanese Corp. of America*, 205 Ga. 392 (54 SE2d 252) (1949), cert. den. 338 U. S. 937 (70 SC 346, 94 LE 578). If there is *any substantial evidence* authorizing a finding that the party so charged was guilty of contempt, and that is the trial judge's conclusion, his judgment must be affirmed insofar as the sufficiency of the evidence is concerned. *Nylen v. Tidwell*, 141 Ga. App. 256 (233 SE2d 245) (1977)." (Emphases supplied.) *Farmer v. Holton*, 146 Ga. App. 102, 108 (3) (245 SE2d 457) (1978), cert. den. 440 U. S. 958 (99 SC 1499, 59 LE2d 771) (1979).

Thirty-four states and the District of Columbia require proof beyond a reasonable doubt in criminal contempt cases.[1] The remaining

---

[1] See, e.g., Continental Ins. Cos. v. Bayless & Roberts, Inc., 548 P2d 398, 407 (Alas. 1976); State v. Cohen, 15 Ariz. App. 436 (489 P2d 283, 287) (1971); Howell v. State, 514 SW2d 723, 724 (Ark. 1974); In re Coleman, 12 Cal.3d 568, 116 Cal. Rptr. 381 (526 P2d 533, 536) (1974); In re Pechnick, 128 Colo. 177 (261 P2d 504, 507-8) (1953); City of Wilmington v. General Teamsters Local Union 326, 321 A2d 123, 126 (Del. 1974); Matter of Carter, 373 A2d 907, 909 (D. C. 1977); Turner v. State, 283 S2d 157, 160 (Fla. App. 1973); Hawaii Public Employment Relations Bd. v. Hawaii State Teachers Assn., 55 Hawaii 386 (520 P2d 422, 426) (1974); Kay v. Kay, 22 Ill. App.3d 530 (318 NE2d 9, 10) (1974); Alster v. Allen, 174 Kan. 489 (77 P2d 960, 966) (1938); Brannon v. Commonwealth, 162 Ky. 350 (172 SW 703, 706) (1915); State v. Roll, 267 Md. 714 (298 A2d 867, 876) (1973); Shaw v. Commonwealth, 354 Mass. 583 (238 NE2d 876, 878) (1968); Fraternal Order of Police v. Kalamazoo County, 82 Mich. App. 312 (266 NW2d 805, 807) (1978), accord see Jaikins v. Jaikins, 12 Mich. App. 115 (162 NW2d 325, 329) (1968). But see Detroit Bd. of Educ. v. Detroit Fed. of Teachers, 55 Mich. App. 499 (223 NW2d 23) (1974); People v. Kurz, 35 Mich. App. 643 (192 NW2d 594) (1971); State v. Binder, 190 Minn. 305 (251 NW 665, 668) (1933); Prestwood v. Hambrick, 308 S2d 82, 84 (Miss. 1975); State ex rel. Wendt v. Journey, 492 SW2d 861, 864 (Mo. App. 1973); State ex rel. Tague v. Dist. Ct., 100 Mont. 383 (47 P2d 649, 651) (1935); Paasch v. Brown, 199 Neb. 683 (260 NW2d 612, 615) (1977); Kellar v. Eighth Judicial Dist. Ct., 86 Nev. 445 (470 P2d 434, 436-7) (1970); State v. Blaisdell, 381 A2d 1201, 1201-2 (N. H. 1978); Matter of Buehrer, 50 N. J. 601 (236 A2d 592, 600) (1967); Intl. Minerals &c. Corp. v. Local 177, United Stone &c. Products Workers, 74 N. M. 195 (392 P2d 343, 346) (1964); State University of N. Y. v. Denton, 35 A.D.2d 176, 316 N.Y.S.2d 297, 302 (1970); State v. Sherow, 101 Ohio App. 169 (138 NE2d 444, 447) (1956); Matter of Johnson, 467 Pa. 552 (359 A2d 739, 742) (1976); State v. Bowers, 241 SE2d 409, 412 (S. C. 1978); Burdick v. Marshall, 8 S.D. 308 (66 NW 462, 464) (1896); Strunk v. Lewis Coal Co., 547 SW2d 252, 253 (Tenn. Crim. App. 1976); Ex parte Cragg, 133 Tex. Crim. Rep. 118 (109 SW2d 479, 481) (1937); State ex rel. Dorrien v. Hazel-

states require higher standards of proof than that required in Georgia.[2] Given that the result of a criminal-contempt conviction is to deny the contemner his liberty and the levy of a penal fine, it is a denial of a defendant's right to due process of law under the 14th Amendment of the U. S. Constitution, the Georgia Constitution, and OCGA § 24-4-5, to fail to require proof beyond a reasonable doubt in a criminal-contempt prosecution. In re Winship, 397 U. S. 358 (90 SC 1068, 25 LE2d 368) (1970); Gompers v. Bucks Stove &c. Co., 221 U. S. 418, 444 (31 SC 492, 55 LE 797) (1911).

After a consideration of the majority view as set forth in the above authorities, we have concluded that the standard of proof in criminal-contempt cases is the beyond-reasonable-doubt standard, and that the preponderance-of-evidence (civil) standard will no longer be followed in this state. *Pedigo v. Celanese Corp. of America*, 205 Ga. 392, supra (3), and other cases holding to the contrary are hereby overruled.

Accordingly, the judgment of contempt is reversed and the case is remanded to the trial court for a retrial in accordance with this opinion.

*Judgment reversed, case remanded. All the Justices concur, except Smith, J., not participating.*

DECIDED JANUARY 7, 1985.

*Maddox & Walsh, Phillip J. Walsh,* for appellant.

*Dillard & Wolfe, George P. Dillard, Ralph T. Bowden, Jr.,* Solicitor, *Linda Finley,* Assistant Solicitor, *Joan F. Roach, Albert Sidney Johnson,* for appellee.

---

tine, 82 Wash. 81 (143 P 436, 440) (1914); State v. Bittner, 102 W. Va. 677 (136 SE 202, 206) (1926); State v. Meese, 200 Wisc. 454 (229 NW 31) (1930).

[2] E.g., Crary v. Curtis, 199 NW2d 319, 322 (Iowa 1972) ("clear, satisfactory and convincing" evidence); Raszler v. Raszler, 80 NW2d 535, 539 (N. D. 1956) ("clear and satisfactory" evidence); Whillock v. Whillock, 550 P2d 558, 560 (Okla. 1976) ("clear and convincing" evidence); State ex rel. Chrisman v. Small, 49 Or. 595 (90 P 1110, 1113) (1907) ("clear and conclusive" evidence); Thomas v. Thomas, 569 P2d 1119, 1121 (Utah 1977) ("clear and convincing" evidence). Indeed, the courts of these latter states frequently emphasize that a "mere preponderance" of the evidence is inadequate to support a conviction for criminal contempt. See, e.g., Stein v. Municipal Court of Sioux City, 46 NW2d 721, 724 (Iowa 1951); "[A] mere preponderance of the evidence in a contempt proceeding is not sufficient, as [the proof] must be of a clear, convincing and satisfactory nature." "It is well settled that each element of a criminal contempt, including the requisite mental state, must be proved beyond a reasonable doubt." Kuhns, The Summary Contempt Power: A Critique and a New Perspective, 88 Yale L. J. 39, 48 (1978).