GORDON HENRY GIPSON, AKA JAMES DAVID DAVEN-
PORT, APPELLANT, v. THE STATE OF NEVADA,
RESPONDENT.

IN THE MATTER OF THOMAS MITCHELL,
ATTORNEY AT LAW.

No. 16351

March 5, 1986                              714 P.2d 1007

*Robert A. Bork,* State Public Defender and *Thomas Mitchell,*
Deputy, Carson City, for Appellant.

*Brian McKay,* Attorney General, Carson City, and *Eileen
Barnett,* District Attorney, Lincoln County, for Respondent.

*Laurence McNabney,* Reno, for Thomas Mitchell.

OPINION

*Per Curiam:*

This is an appeal from a judgment of conviction for possession
of stolen property. On December 5, 1985, this court entered an
order stating that this appeal would stand submitted on the briefs
and record, unless counsel filed a request for argument. Such a
request was filed on December 17, 1985, by Thomas Mitchell,
the Deputy Public Defender responsible for representing appel-
lant in this matter. Accordingly, on December 18, 1985, the court
scheduled argument for February 19, 1986.

On the appointed date, respondent's counsel, Lincoln County
District Attorney Eileen Barnett, who is based in Pioche some
400 miles distant from Carson City, journeyed here by automo-
bile despite inclement weather to appear for oral argument. The

weather notwithstanding, the members of this court, including two justices who traveled from Reno, likewise assembled for argument. The court clerk, and a number of staff attorneys and secretaries, also commuted from Reno to Carson City without difficulty or any evident danger. All attorneys scheduled to appear that morning, save Mr. Mitchell, found themselves able to arrive punctually at this court.

However, shortly before argument was to commence in the above matter, attorney Mitchell reportedly telephoned the office of the clerk, claiming that the highway between Reno and Carson City was impassable. When the clerk returned his call to advise him that the court was assembled and waiting, he reportedly said that the Public Defender's Office did not "pay him enough" to undertake the journey. At the direction of the court, the clerk then contacted Robert Bork, the State Public Defender, to advise him of attorney Mitchell's apparent dereliction. Although Mr. Bork had not tried the case below (as Mr. Mitchell had), written the briefs on appeal (as Mr. Mitchell had), or objected to our submission order (as Mr. Mitchell had), Mr. Bork was thus constrained to appear at the argument in Mr. Mitchell's place. The argument then proceeded in Mr. Mitchell's absence. Mr. Bork could neither explain Mr. Mitchell's initial insistence that he be given an opportunity to argue this case orally, nor satisfactorily explain Mr. Mitchell's failure to appear for the argument we had scheduled at his instance.

On February 21, 1986, we entered an order directing Mr. Mitchell to show cause why he should not be held in contempt for failing to appear at oral argument. Our order further directed Mr. Mitchell to appear before us on March 13, 1986, to explain his conduct in this matter.

Mr. Mitchell has now moved to disqualify the justices of this court from presiding at the scheduled hearing on March 13. His objection, made pursuant to NRS 22.030(3), is premised upon his contention that his failure to appear constituted an indirect contempt only, rather than one committed in our presence.[1]

We reject that contention. Where an attorney fails to appear for a scheduled hearing, his offensive conduct—to wit, his absence— occurs within the immediate view and presence of the court and thus cannot be characterized as indirect contempt. *See* Arthur v. Superior Court of Los Angeles County, 398 P.2d 777 (Cal. 1965); Chula v. Superior Court, 368 P.2d 107 (Cal. 1962); Lyons

---

[1]NRS 22.030(3) provides in pertinent part:

> In all cases of contempt arising without the immediate view and presence of the court, the judge of such court in whose contempt the defendant is alleged to be shall not preside at such trial over the objection of the defendant. . . .

v. Superior Court, 278 P.2d 681 (Cal. 1955); Vaughn v. Municipal Court of Los Angeles Judicial Dist., 60 Cal.Rptr. 575 (Cal. Ct.App. 1967), *cert. denied,* 393 U.S. 856 (1968); Murphy v. State, 416 A.2d 748 (Md.Ct.Spec.App. 1980). *See also* In re Contempt of Potter, 301 N.W.2d 560 (Neb. 1981); State v. Dias, 184 A.2d 535 (N.J.Super.Ct.App.Div. 1962). As the Supreme Court of California noted in *Lyons, supra:*

> It is clear that the [hearing] and the attorney's participation in it are in the court's immediate view and presence and, obviously, petitioner's obstruction of the [hearing] by absenting himself from the court is just as directly within the view and presence and knowledge of the court as would be any other conduct by him during, and directly affecting, the [hearing]. If, in truth, the absence with its ensuing interruption of the court proceedings is occasioned by some cause not reasonably within the attorney's control, the duty of explanation is but part and parcel of his duty to be present, and the burden of producing the exculpatory facts to the court properly falls upon the attorney.

278 P.2d at 683.

Accordingly, statutory provisions relating to indirect contempt have no application in a case of this nature. *Arthur,* 398 P.2d at 780. The rights of the attorney are fully protected by an order to show cause apprising him of the charge against him, followed by an opportunity to be heard. *Chula,* 368 P.2d at 112 (Gibson, C.J., concurring); In re Contempt of Potter, 301 N.W.2d at 563. And, in such a case, "no question of the disqualification of the judge affronted by the direct contempt can arise. The necessities of the case require that the affronted judge preside." *Vaughn, supra,* 60 Cal.Rptr. at 586 (quoting Turkington v. Municipal Court, 193 P.2d 795, 799 (Cal.Ct.App. 1948)). Contrary to Mr. Mitchell's suggestion, nothing in our opinion in Kellar v. District Court, 86 Nev. 445, 470 P.2d 434 (1970), is inconsistent with these views. Indeed, we cited *Arthur, Chula* and *Lyons, supra,* with approval in that opinion.

For these reasons, we deny Mr. Mitchell's request that we disqualify ourselves in this matter.