## 56775. SPRUELL v. THE STATE.

DEEN, Presiding Judge.

When this matter previously appeared before this court, it was remanded for specific findings of fact and conclusions of law. See *Spruell v. State,* 145 Ga. App. 720 (244 SE2d 636) (1978). Attorney Spruell brings this appeal from the trial court's order finding him guilty of contempt and from the denial of his motion to be tried publicly for contempt before any superior court judge other than Judge Clyde W. Henley.

1. "A trial judge may, for a direct criminal contempt committed in the presence of the court, hold the offender in contempt without a hearing and impose punishment, acting on his own knowledge of the facts . . . *Brown v. Hames,* 131 Ga. App. 148 (205 SE2d 716) (1974)." *Spruell v. State,* supra.

Appellant was representing a defendant in a criminal case and objected to the court's jury charge on entrapment. Mr. Spruell: "The Court has changed the wording of Code Section 26-905 by saying, in part, 'if by entrapment his conduct is induced or solicited by a'—and the Court used the word 'law enforcement officer' and the Code says 'government officer or employee, or agent of either.' Now, in this case, of course, the defense of entrapment was asserted and our contentions are that he was entrapped by the agent of the law enforcement officer

and not the officer himself." The Court: "All right, sir." Mr. Spruell: "Of course, the acts of the agent is an act of the officer and I would submit under the Court's charge the jury has absolutely no choice except to convict my client and I would submit that the Court's charge has very successfully charged the defense completely out of court and the jury will have no choice whatsoever. It's . . ." The Court: "State your other objection." Mr. Spruell: "Reversion of the law, misrepresentation to the jury by this Court of what the law is because the Court purposely changed the Georgia Statute and I would submit you changed it where it does not fit the facts, but changed it so that it would not fit the facts. Also, in the other part of the Court's charge, you charged the jury that if they should believe the allegations in the indictment and believe that they were proven beyond a reasonable doubt, that they would be authorized to convict him. Well, that's simply not the contentions in this case. The contention is that the Court has to charge in regard to defining the allegations in the indictment. You, also, have to charge in conjunction with that entrapment and that's the State's burden, not to prove the allegations in the indictment but to disprove entrapment." The court then refused Spruell's request to read the statutory definition of entrapment. After a recess, the jury requested clarification of the definition of a crime and of entrapment. The trial judge recharged the jury on entrapment by reading the definition from the Code and redefined "a crime" for them. Mr. Spruell then questioned the court's charge that the date alleged in the indictment was not a material averment to the charge. The court overruled his motion for a recharge and requested that the court reporter read back the original remarks of the attorney in his objection to the court's charge on entrapment. After this statement was read back, the court ruled:"Mr. Spruell, due to your statements in your objections to charge and exceptions, you indicated that the Court purposely and with intention to deprive this defendant of his rights misstated the charge of the law to the jury and for that statement that you made, sir, I find you in contempt of court and I will deal with you after this case is over." At this point, the jury returned with a verdict of not guilty for appellant's client. After the jury

was excused, the court again addressed the attorney: "Mr. Spruell, throughout the trial of this case from the first day this case came on my calendar through the objections made by you today to the charge you have acted in a contemptuous manner in this entire cause. You've practically accused me on every turn of being prejudiced against your client, when in every instance in November all I tried to do was to protect your client's rights. You have seen fit to publicly accuse me of being—making an effort to deprive your client of a fair and impartial trial and I held you in contempt of court for it." Mr. Spruell denied having been knowingly in contempt of court and asked to be given an opportunity to retain counsel and to have a hearing on intent. The court replied that he had already been held in contempt, but agreed to withhold sentence until he could confer with counsel.

Under Code Ann. § 24-105, the courts have the power to inflict summary punishment for contempt. While the trial judge, upon the occurrence in his presence of contempt, may immediately and summarily punish it, summary punishment may be delayed until after trial if the trial judge believes that the exigencies of the trial require such action. Sacher v. United States, 343 U. S. 1 (72 SC 451, 96 LE 717) (1951). "Where, however, he does not act the instant the contempt is committed, but waits until the end of the trial, on balance, it is generally wise where the marks of the unseemly conduct have left personal stings to ask a fellow judge to take his place." Mayberry v. Pennsylvania, 400 U. S. 455, 463 (91 SC 499, 27 LE2d 532) (1970). In the instant case, the remarks of Mr. Spruell were found to be contemptuous shortly after they were made; only his sentencing was postponed. We find that the trial court did not err in denying appellant's motion for a hearing before another judge.

2. There is no merit in appellant's contention that the statements made by appellant were not contemptuous, Mr. Spruell accused the court of deliberately mischarging the law to the jury. "In 1 Bailey on Habeas Corpus, p. 213, it is said: 'Contempt may consist in manner and tone as well as by affirmative act of speech. A court may be insulted by the most innocent words uttered in a peculiar manner or tone. Words used

may or may not be contemptuous according to the manner in which they were spoken. The court to which the language is addressed is necessarily, in such a case, the judge in this respect, and its conclusion once formed is conclusive upon every other court.' " *White v. State of Ga.,* 71 Ga. App. 512, 516 (31 SE2d 78)·(1944) (on motion for rehearing); *Garland v. State,* 101 Ga. App. 395 (114 SE2d 176) (1960). We find no abuse of the trial judge's discretion in holding Mr. Spruell in contempt of court.

3. Direct summary criminal contempt which arises in the presence of the court and tends to scandalize it and hinder or obstruct the orderly processes of the administration of justice, the preservation of order and decorum in the court, etc. is exempt from the due process requirements of notice and hearing. *Moody v. State,* 131 Ga. App. 355 (206 SE2d 79) (1974). We do not find any abuse of the trial court's discretion in refusing to allow defendant a hearing. Such a refusal does not deprive appellant of his due process rights guaranteed by the State and Federal Constitutions. *Garland v. State,* 99 Ga. App. 826 (110 SE2d 143) (1959).

4. There is no merit in appellant's final enumeration of error which complains that the sentence imposed is unreasonable, excessive, oppressive and amounts to cruel and unusual punishment. The trial court was empowered by Code Ann. § 24-2615 (5) to punish contempt by a fine not exceeding two hundred dollars and by imprisonment not exceeding twenty days. The fact that appellant received the maximum punishment allowable by law does not constitute cruel and unusual punishment. See *Kenimer v. State,* 81 Ga. App. 437, 446 (59 SE2d 296) (1950).

*Judgment affirmed. Smith and Banke, JJ., concur.*

Argued October 4, 1978 — Decided October 25, 1978 — Rehearing denied November 14, 1978 —

*William V. Hall, Jr.,* for appellant.
*M. Randall Peek, District Attorney, J. Wayne Moulton,* for appellee.