654 F.2d 1090
 Billy L. SPRUELL, Petitioner-Appellant,
v.
Patrick JARVIS, Sheriff of Dekalb County Georgia, and
Randall Peek, District Attorney, Stone Mountain
Judicial Circuit, DeKalb County,
Georgia, Respondents-Appellees.
 No. 79-3881.
 United States Court of Appeals,
Fifth Circuit.
 
 Unit B
 Sept. 4, 1981.
 William V. Hall, Jr., Decatur, Ga., for petitioner-appellant.
 William R. Ritchie, Asst. Dist. Atty., Decatur, Ga., for respondents-appellees.
 Appeal from the United States District Court for the Northern District of Georgia.
 Before MORGAN, ANDERSON and THOMAS A. CLARK, Circuit Judges.
 THOMAS A. CLARK, Circuit Judge:
 
 
 1
 Attorney Billy L. Spruell appeals from the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition which challenged on federal constitutional grounds the petitioner's 1978 conviction for contempt in a Georgia state trial court. Having concluded that under the circumstances of this case the petitioner was entitled to a hearing before a judge other than the trial judge who held the petitioner in contempt, we reverse and remand for issuance of the writ.
 
 
 2
 Petitioner Spruell is an attorney licensed to practice in Georgia. In January of 1978 he served as defense counsel for Henry Edward Midura in Midura's trial on criminal charges before Judge Clyde W. Henley in the Superior Court of DeKalb County, Georgia. Apparently Midura's chief defense at his trial was that he had been "entrapped" by a party or parties who had acted on behalf of or at the behest of the law enforcement officers who arrested him.
 
 
 3
 In his charge to the jury on the defense of entrapment, the state trial judge altered the statutory definition of entrapment as set forth in Ga.Code Ann. § 26-905. As soon as the jury had retired from the courtroom to begin its deliberations, Judge Henley proceeded to consider any objections or exceptions to his charge to the jury. That exchange, in open court, was as follows:
 
 
 4
 THE COURT: All right, sir. I'll hear from you.
 
 
 5
 Any objections to the charge?
 
 
 6
 MR. SPRUELL: Yes, sir.
 
 
 7
 THE COURT: Exceptions?
 
 
 8
 MR. SPRUELL: Yes, sir. I would except to the Court's charge on entrapment as not being the statutory definition of entrapment. I believe the Court omitted a word from that statute. I may be mistaken but I believe the Court omitted a word.
 
 
 9
 THE COURT: What word, sir?
 
 
 10
 MR. SPRUELL: The word, I believe, is agent of the law enforcement officer, a law enforcement officer or his agent, and I believe the Court
 
 
 11
 THE COURT: I think the word was government and I figured in this case that a law enforcement officer took the place of a government officer. I did change the word.
 
 
 12
 MR. SPRUELL: May I see the Court's Title 26?
 
 
 13
 THE COURT: Anyway, I'll be glad for you to place that in the record. I did make a change due to the evidence in the case.
 
 
 14
 MR. SPRUELL: Yes, sir. This is the part that I object to.
 
 
 15
 THE COURT: All right, sir.
 
 
 16
 MR. SPRUELL: The Court has changed the wording of Code Section 26-905[1] by saying, in part, "if by entrapment his conduct is induced or solicited by a" and the Court used the word "law enforcement officer" and the Code says "government officer or employee, or agent of either." Now, in this case, of course, the defense of entrapment was asserted and our contentions are that he was entrapped by the agent of the law enforcement officer and not the officer himself.
 
 
 17
 THE COURT: All right, sir.
 
 
 18
 MR. SPRUELL: Of course, the acts of the agent is (sic) an act of the officer and I would submit under the Court's charge the jury has absolutely no choice except to convict my client and I would submit that the Court's charge has very successfully charged the defense completely out of court and the jury will have no choice whatsoever. It's
 
 
 19
 THE COURT: State your other objection.
 
 
 20
 MR. SPRUELL: reversion. I'm still on 26-905.
 
 
 21
 THE COURT: All right. Go ahead.
 
 
 22
 MR. SPRUELL: Reversion of the law, misrepresentation to the jury by this Court of what the law is because the Court purposely changed the Georgia Statute and I would submit you changed it where it does not fit the facts, but changed it so that it would not fit the facts.
 
 
 23
 Also, in the other part of the Court's charge, you charged the jury that if they should believe the allegations in the indictment and believe that they were proven beyond a reasonable doubt, that they would be authorized to convict him. Well, that's simply not the contentions (sic) in this case. The contention is that the Court has to charge in regard to defining the allegations in the indictment. You, also, have to charge in conjunction with that entrapment and that's the State's burden, not to prove the allegations in the indictment but to disprove entrapment.
 
 
 24
 There is one other ground that I will reserve it (sic) for the record on appeal. I don't know that it's necessary at this time but I would most sincerely request the Court to call the jury back in and to read the statutory definition of entrapment rather than the Court's own interpretation.
 
 
 25
 THE COURT: I won't recharge them, sir.
 
 
 26
 Sometime later while the court was in recess, the jury foreman notified the court that the jury had several questions, including one on the statutory definition of entrapment. Judge Henley had the jury brought back to the courtroom at which time he reread both the charge on entrapment and an instruction on the definition of a crime. However, this time he quoted the definition of entrapment directly from the Georgia Code, just as attorney Spruell had requested. Once the judge completed recharging the jury on the definition of entrapment and the other matter, the jury again retired to resume its deliberations.
 
 
 27
 With the jury out of the courtroom, Judge Henley and the attorneys took up further objections to the instructions. The trial judge then continued:
 
 
 28
 THE COURT: ...
 
 
 29
 Read back the original remarks of Mr. Spruell in regards to the objection to my charge on entrapment, please.
 
 
 30
 (Whereupon, the referred-to colloquy was read back by the court reporter.)
 
 
 31
 THE COURT: Mr. Spruell, due to your statements in your objections to charge and exceptions, you indicated that the Court purposely and with intention to deprive this defendant of his rights misstated the charge of the law to the jury and for that statement that you made, sir, I find you in contempt of court and I will deal with you after this case is over.
 
 
 32
 The court recessed until the jury returned its verdict of not guilty for Spruell's client. After the jury was dismissed, the judge addressed Spruell:
 
 
 33
 THE COURT: Mr. Spruell, throughout the trial of this case from the first day this case came on my calendar through the objections made by you today to the charge you have acted in a contemptuous manner in this entire cause. You've practically accused me on every turn of being prejudiced against your client, when in every instance in November all I tried to do was to protect your client's rights. You have seen fit to publicly accuse me of being making an effort to deprive your client of a fair and impartial trial and I held you in contempt of court for it.
 
 
 34
 At this time I will give you a right to say anything you'd like to say.
 
 
 35
 MR. SPRUELL: Your Honor, I've been practicing law since May of 1970. I've never been held in contempt of any court. I have never been knowingly in contempt of any court. In this case I would ask the Court to give me an opportunity to retain counsel and to have a hearing on on the question of intent. I have no lawyer at this time. I am authorized by Mr. William V. Hall to state that he I expect him to represent me in this proceeding. He is unavailable this afternoon. I'd like for the Court to give me a reasonable length of time in which to prepare for the hearing on the question of contempt.
 
 
 36
 THE COURT: I've already held you in contempt, sir. I will sentence you and withhold the sentence until you can confer with Mr. Hall and have a right to take the case to the appellate courts for a stay and I will give you until tomorrow at noontime. You can have Mr. Hall here at that time.
 
 
 37
 MR. SPRUELL: All right, sir. Thank you.
 
 
 38
 THE COURT: Court will be in recess until in the morning at 9:00 o'clock.
 
 
 39
 The following day, Spruell, represented by counsel, Mr. William Hall, appeared before Judge Henley at a brief hearing on the contempt charge. That hearing consisted of the following:
 
 
 40
 THE COURT: All right. Mr. Spruell, yesterday after the trial of the case and while the jury was deliberating the case I informed you that due to your contemptuous conduct during the objection made or the exceptions made to the charge that I found you in contempt of court and you asked to put it off until today or any punishment (sic), that you wanted to employ an attorney and at this time I have informed you that I have discussed this with Mr. Hall. Mr. Hall came in my office and told me he represented you and I told him, in essence, about the contempt and I have had my court reporter type up the contemptuous statement by counsel. If you don't remember the statement, I'd be glad to read it to you at this time. Do you recall the statements made by you, Mr. Spruell?
 
 
 41
 MR. SPRUELL: Not verbatim, no, Your Honor, I don't.
 
 
 42
 THE COURT: All right, sir. "Reversion of the law, misrepresentation to the jury by this Court of what the law is because the Court purposely changed the Georgia Statute and I would submit you changed it where it does not fit the facts but changed it so that it would not fit the facts. Also" well, I think that was the only contemptuous statement that I find you in. But you are in contempt of court and at this time, unless there's something further you'd like to bring out or your counsel will bring out, I will at this time punish you for the contempt.
 
 
 43
 MR. HALL: If it please the Court, we would appreciate, and I believe the Court indicated that the order and the sentence should not be imposed at this time so that we might apply to the Court of Appeals (of Georgia) for supersedeas. I believe the Court indicated in our conversation that the Court would not exercise its discretion at this time and set supersedeas for my client and if the Court could defer signing its judgment of contempt until application can be made until I can do the paperwork to present the application to the Court of Appeals.
 
 
 44
 THE COURT: I told Mr. Spruell yesterday when we finished the case that I expected you at this time he indicated that he intended to get an attorney and it would be you. I told him that I would sentence him today and I would expect you to have the supersedeas ready in order to take it to the Supreme Court.
 
 
 45
 MR. HALL: I had notice of appeal, if it please the Court, but we do not have the supersedeas. The Court only informed counsel within the hour that the Court would not exercise its discretion and set a bond in this matter, so we could not be ready for something we had no notice of.
 
 
 46
 THE COURT: Well, I think you indicated to me, Mr. Hall, that you thought it was mandatory upon the Court to set a supersedeas bond.
 
 
 47
 MR. HALL: That was the way I read the law but the Court called the subsequent line to my attention. I think in this case, though, if it please the Court, that a supersedeas is proper.
 
 
 48
 THE COURT: Well, I don't think so, sir. This case is it's been a hard case on me from since I got into it about a month ago. Mr. Spruell has made every indication that he was contemptuous of the Court and, in fact, filed a petition for me to recuse myself and I'd like to state at this time that the only thing that I was trying to do was make sure that his client received a fair and impartial trial, which I think he did and I think the record will show that his client was acquitted.
 
 
 49
 Another thing I'd like no, that's all right.
 
 
 50
 So, at this time I will sentence him to $200 fine and twenty days in the county jail for contempt of court and if you can get your papers up here this afternoon, I'll let him out when you bring your
 
 
 51
 MR. HALL: Well, I have the notice of appeal.
 
 
 52
 THE COURT: You have to go to the Supreme Court, I think, to get it.
 
 
 53
 MR. HALL: Court of Appeals.
 
 
 54
 THE COURT: I will not grant a supersedeas in the case.
 
 
 55
 MR. HALL: All right. Thank you, sir.
 
 
 56
 THE COURT: Yes, sir.
 
 
 57
 Spruell appealed his contempt conviction to the Court of Appeals of Georgia. That court reversed the conviction and remanded the case to the trial court for specific findings of fact and conclusions of law. Spruell v. State, 145 Ga.App. 720, 244 S.E.2d 636 (1978). On remand, Spruell again appeared before Judge Henley who made the necessary findings of fact and conclusions of law and again sentenced Spruell to twenty days in jail and a $200.00 fine, under Georgia law the maximum sentence for contempt.[2] On appeal for the second time, Spruell's conviction was affirmed by the Court of Appeals of Georgia, Spruell v. State, 148 Ga.App. 99, 250 S.E.2d 807 (1978), and a petition for a writ of certiorari was denied by the Supreme Court of Georgia.
 
 
 58
 Turning to federal court in March, 1979, Spruell sought habeas corpus relief pursuant to 28 U.S.C. § 2254. Having referred the petition to a magistrate for consideration, the district court adopted the magistrate's report and recommendation and denied Spruell's petition for writ of habeas corpus. Petitioner appeals.
 
 
 59
 Spruell argues on appeal that his state-court adjudication of contempt violated his right to due process of law. Specifically, the petitioner contends that because the allegedly contumacious conduct took place during the jury's deliberations, and sentencing was deferred until the following day, Spruell was entitled to a hearing on the contempt charge. Furthermore, he submits that since Judge Henley felt the "sting" of the attorney's objections to the court's instructions to the jury, the hearing on the contempt charge and any sentencing should be held before a different judge. We agree with the petitioner on both points.
 
 
 60
 In this case attorney Spruell was found in contempt of court solely for the statements in his objection to the trial judge's instruction to the jury on the statutory definition of entrapment.[3] As is evidenced from that portion of the transcript reproduced above, the petitioner's objection apparently was well-taken (although perhaps not as diplomatically as it could have been) and indeed the trial judge upon reflection agreed with the attorney's point as the trial court changed its instruction on entrapment when the jury requested a recharge on only that particular issue. Unlike those cases where the trial judge must use the summary contempt power to maintain order in the courtroom, see, e. g., Farmer v. Strickland, 652 F.2d 427 (5th Cir. 1981); United States v. Seale, 461 F.2d 345 (7th Cir. 1972), here Spruell's conduct cannot be said to have amounted to an obstruction of the orderly administration of the judicial process.
 
 
 61
 In cases such as these where the final adjudication of criminal contempt and the sentencing are postponed until after the underlying trial is concluded, the case of Taylor v. Hayes, 418 U.S. 488, 94 S.Ct. 2697, 41 L.Ed.2d 897 (1974), has set forth the fourteenth amendment's fundamental due process requirements for state court summary criminal contempt proceedings.
 
 
 62
 As we noted in Farmer v. Strickland, supra, the Supreme Court in Taylor v. Hayes held that when a trial court waits until after trial to adjudicate an attorney in contempt of court and sentences him for contumacious conduct that occurred during trial, due process requires that the alleged contemnor be accorded a hearing at which time the attorney can be heard in his own behalf.
 
 
 63
 Under the holding of Taylor v. Hayes, Spruell clearly was entitled to a post trial hearing on the contempt charge. Although once the trial was concluded, the judge addressed Spruell and stated, "I will give you a right to say anything you'd like to say," the court's response to Spruell's request for a hearing was that "I've already held you in contempt." The brief hearing conducted the next day concerned only the sentencing of the petitioner and did not consider the alleged contemptuous episode itself. The abbreviated proceeding conducted by the trial judge here, limited as it was to the sentencing phase, is not the kind of hearing that was envisioned by the Supreme Court in Taylor v. Hayes. Nor does appellee argue that the proceedings conducted after remand from the Court of Appeals of Georgia constitute an adequate hearing on the issue of whether Spruell was guilty of contempt. The petitioner is entitled to such a hearing.
 
 
 64
 The opinion in Taylor v. Hayes also convinces us that if Spruell is to be tried again, another judge should be assigned to sit in judgment of the petitioner on the contempt charge. The issue is whether the allegedly contemptuous conduct so provoked the state court trial judge that he became so personally embroiled with the contemnor that the judge "cannot 'hold the balance nice, clear, and true between the state and the accused ....' " Taylor v. Hayes, 418 U.S. at 501, 94 S.Ct. at 2704 (quoting Tumey v. Ohio, 273 U.S. 510, 532, 47 S.Ct. 437, 444, 71 L.Ed. 749 (1927)). In its direct review of Spruell's summary conviction for contempt, the Court of Appeals of Georgia held that the "trial court did not err in denying (Spruell's) motion for a hearing before another judge." Spruell v. State, 148 Ga.App. at 101, 250 S.E.2d at 809.
 
 
 65
 In deciding if a judge should be disqualified from disposing of the contempt charge, "the inquiry must be not only whether there was actual bias on respondent's part, but also whether there was 'such a likelihood of bias or an appearance of bias that the judge was unable to hold the balance between vindicating the interests of the court and the interests of the accused.' " Taylor v. Hayes, 418 U.S. at 501, 94 S.Ct. at 2704, quoting Ungar v. Sarafite, 376 U.S. 575, 588, 84 S.Ct. 841, 849, 11 L.Ed.2d 921 (1964). See also Mayberry v. Pennsylvania, 400 U.S. 455, 91 S.Ct. 499, 27 L.Ed.2d 532 (1971).
 
 
 66
 On examination of the record in this case, although the trial judge indicated that Spruell was held in contempt solely for the attorney's objection to the judge's jury instruction on the issue of entrapment, the comments from the bench clearly indicate that the state-court judge was quite upset at the attorney's conduct throughout the entire course of the trial.
 
 
 67
 In addressing Spruell once the jury had returned its verdict of not guilty for Spruell's client, the judge stated that:
 
 
 68
 Throughout the trial of this case from the first day this case came on my calendar through the objections made by you today to the charge you have acted in a contemptuous manner in this entire cause. You've practically accused me on every turn of being prejudiced against your client, when in every instance in November all I tried to do was to protect your client's rights. You have seen fit to publicly accuse me of being making an effort to deprive your client of a fair and impartial trial and I held you in contempt of court for it.
 
 
 69
 The next day during the brief hearing on sentencing, the court further indicated its dissatisfaction with Spruell's conduct during the trial, including especially the attorney's unsuccessful effort to have the trial judge recuse himself.
 
 
 70
 This case is it's been a hard case on me from since I got into it about a month ago. Mr. Spruell has made every indication that he was contemptuous of the Court and, in fact, filed a petition for me to recuse myself and I'd like to state at this time that the only thing that I was trying to do was make sure that his client received a fair and impartial trial, which I think he did and I think the record will show that his client was acquitted.
 
 
 71
 Indeed, Spruell's client was acquitted of the criminal charges, evidently largely as a result of the successful defense of entrapment raised by Spruell in behalf of his client.
 
 
 72
 Furthermore, the magnitude of Spruell's sentence of twenty days in jail and a $200 fine for making what was quickly recognized by the trial court itself as a valid objection, indicates to us that the trial judge had indeed become unacceptably personally involved with the petitioner. Cf. Taylor v. Hayes, 418 U.S. at 502-03, 94 S.Ct. at 2705.
 
 
 73
 For these reasons, we conclude that the petitioner's contempt charge should be heard by a judge other than Judge Henley.
 
 
 74
 The order of the district court is REVERSED, and the case is REMANDED for issuance of the writ.
 
 
 
 [1]
 Ga.Code Ann. § 26-905 provides:
 A person is not guilty of a crime if by entrapment his conduct is induced or solicited by a government officer or employee, or agent of either (,) for the purpose of obtaining evidence to be used in prosecuting the person for commission of the crime. Entrapment exists where the idea and intention of the commission of the crime originated with a government officer or employee, or with an agent of either, and he, by undue persuasion, incitement, or deceitful means, induced the accused to commit the act which the accused would not have committed except for the conduct of such officer.
 Emphasis supplied.
 
 
 [2]
 Ga.Code Ann. § 24-2615 provides in pertinent part:
 The superior courts have authority
 
 
 [5]
 To punish contempt by fines not exceeding $200, and by imprisonment not exceeding 20 days
 
 
 [3]
 Note the trial judge's statement at the sentencing proceeding the following day concerning Spruell's allegedly contemptuous conduct:
 THE COURT: All right, sir. "Reversion of the law, misrepresentation to the jury by this Court of what the law is because the Court purposely changed the Georgia Statute and I would submit you changed it where it does not fit the facts but changed it so that it would not fit the facts. Also" well, I think that was the only contemptuous statement that I found you in.
 Emphasis supplied.