## 71126. STRAYHORN v. STALEY.
(339 SE2d 740)

SOGNIER, Judge.

James Strayhorn, attorney, appeals from the judgment of contempt entered against him by Judge Mary E. Staley of the State Court of Cobb County.

Appellant appeared before appellee for the purpose of entering a guilty plea on behalf of his client. After appellee denied appellant's requests that his client be permitted to pay his fine in installments, appellant turned to his client and commented "What a bitch." Appellee immediately questioned appellant about the remark, accepted his explanation that the remark was intended as a comment about the difficult situation facing him and his client, and admonished him for using foul language in her court. Two days later, appellee issued a notice of hearing and order to show cause why appellant "should not be attached for contempt for [his] actions in [appellee's] courtroom . . . ." At the hearing on the contempt charge, appellee denied appellant's motion that she recuse herself, found appellant in contempt for his remark to his client, and sentenced him for a term of 48 hours of public work. Appellant appeals from the denial of his motion that appellee recuse herself and from the judgment of contempt entered against him.

1. Appellant contends the trial court erred by failing to recuse

herself from deciding the charge of contempt against appellant on the ground that she was personally involved in the controversy. "The ABA Standards, Special Functions of Trial Judge, Standard 6-4.5, Referral to another judge (1980), provides that a judge in a contempt proceeding should disqualify himself when he 'was so integrated with the contempt so as to have contributed to it or was otherwise involved . . . [so that] his objectivity could reasonably be questioned.' Except in the case of a direct contempt (i.e., committed in the presence of the court), which must be summarily dealt with, a contempt matter should be referred to another judge and handled by him. [Cits.] 'Judges should disqualify themselves in proceedings in which their impartiality might reasonably be questioned, including but not limited to instances where: (a) the judge has a personal bias or prejudice concerning a party or a party's lawyer; . . . (d) the judge . . .: (iv) is to the judge's knowledge likely to be a material witness in the proceeding.' Georgia Code of Judicial Conduct, Canon 3, C (1), 251 Ga. 900. A judge may not try a criminal case where he drew the indictment or otherwise participated in the case." *In re Crane*, 253 Ga. 667-668 (324 SE2d 443) (1985). In *Dowdy v. Palmour*, 251 Ga. 135 (304 SE2d 52) (1983), our Supreme Court applied two of the holdings in *Taylor v. Hayes*, 418 U. S. 488 (94 SC 2697, 41 LE2d 897) (1974), regarding contempt, involving the proper procedure to be followed by a trial court in contempt proceedings where the announcement of punishment is delayed: "(b) During trial, a trial judge has the power, when necessary to maintain order in the courtroom, to declare conduct committed in his presence and observed by him to be contemptuous, and, after affording the contemnor an opportunity to speak in his or her own behalf, to announce punishment summarily and without further notice or hearing. The carrying out of the punishment announced during trial may be postponed until after trial. (c) Where the announcement of punishment is delayed, and where the contumacious conduct was not directed toward the judge and where the judge did not react to the contumacious conduct in such manner as to become involved in the controversy, the judge has the power to hold a contempt hearing at the conclusion of the trial and, after giving the attorney reasonable notice of the specific charges and opportunity to be heard, to impose punishment." [Footnote omitted.] *Dowdy*, supra at 141-142 (2).

This is not a situation where the trial judge, upon the occurrence in her presence of contempt, acted immediately to punish it summarily. Although the contemptuous remark was committed in the presence of the court, appellee delayed both the adjudication of contempt as well as the announcement of punishment until after the hearing during which the remark was made. " 'Where [the trial judge] does not act the instant the contempt is committed, but waits until the

end of the trial, on balance, it is generally wise where the marks of the unseemly conduct have left personal stings, to ask a fellow judge to take his place.'" *Spruell v. State*, 148 Ga. App. 99, 101 (1) (250 SE2d 807) (1978); see also *Dowdy*, supra at 141-142 (2) (discussion of *Taylor v. Hayes*, part (b)). Further, while the remark which appellee found to be contemptuous may not have been "directed toward the judge," *Dowdy*, supra at 142 (discussion of *Taylor v. Hayes*, part (d)), nevertheless, appellee's impartiality reasonably might be questioned by virtue of the very fact that she considered the remark made by appellant to be of such a nature that she initiated the charge of contempt against appellant. Thus, appellee was necessarily "involved in this controversy." Id. See also *Faulkner v. Walker*, 36 Ga. App. 636 (137 SE 909) (1927); *Crane*, supra at 668-669 (1). A review of the record also reveals that appellee might be a material witness in the contempt proceeding regarding the facts surrounding the statement made by appellant and the manner in which the statement was made. See *Crane*, supra at 668 (1); see also *Spruell*, supra at 101-102 (2).

Therefore, because appellee's impartiality in this case could reasonably be questioned, and because the adjudication of contempt and sentencing were delayed, appellee was disqualified and should have disqualified herself. See Ga. Code of Judicial Conduct, Canon 3, C (1), 251 Ga. 900; see also *Crane*, supra; *Mayberry*, supra. It follows that the judgment of contempt is reversed and the case is remanded to the trial court for proceedings not inconsistent with this opinion. *Crane*, supra at 670.

2. Under our ruling in Division 1, it is not necessary to address appellant's remaining enumerations of error.

*Judgment reversed and case remanded. Birdsong, P. J., and Carley, J., concur.*

DECIDED JANUARY 7, 1986.

*Marc D. Cella, Larry W. Yarbrough,* for appellant.
*Mary E. Staley,* pro se.