A93A1253. ARNOLD v. McKIBBINS.
(435 SE2d 685)

BIRDSONG, Presiding Judge.

Annie Rae Arnold appeals the contempt order of the superior court. Plaintiff/appellee Rupearllar McKibbins initiated suit averring claims to quiet title, and claims for trespass and damage to shrubs, intentional infliction of emotional distress, and tortious interference with contract relations. Appellant Arnold answered and filed a counterclaim for abusive litigation pursuant to *Yost v. Torok*, 256 Ga. 92 (344 SE2d 414). The trial court entered a consent order, finding, inter alia, that (a) the hedges were the property of appellee and her successors; (b) appellee had the responsibility for maintenance of the hedges at a height not to exceed five feet; (c) appellee had the responsibility for trimming the hedges except on the *side* fronting appellant's property. It also ordered both appellant and appellee "to have no contact of a harassing, intimidating, molesting or annoying nature, included but not limited to words or gestures." The order further provided: "The parties acknowledge that they have been admonished in open court that failure to comply with any term of this agreement shall be deemed a contempt of court and may be punished by fine and/or incarceration," and held "all remaining claims of the parties are dismissed without prejudice."

Thereafter, appellee filed a petition for contempt averring that

appellant had violated the consent order by directing a young man in her employ to cut the top of the hedges despite appellee's admonition that such action was in violation of the consent order, and that the employee cut the top of the hedges. Appellee/petitioner further averred that this action was taken for the purpose of harassing, intimidating, molesting and annoying said appellee. Appellant, pro se, filed a response and "counter petition" asserting, inter alia, that appellee was in contempt of court, seeking to deter appellee from future harassing-type conduct, and praying for damages for the infliction of mental anguish and emotional stress, "prompted by [appellee's] frivolous, harassing, intimidating, molesting and annoying petition to cite in contempt." *Held*:

1. Appellant's assertion that the trial court erred in issuing a rule nisi, bearing a date of December 11, 1992 (apparently due to clerical error), and filed November 13, 1992, is without merit. Appellant claims the rule nisi is invalid because appellee's contempt petition was not supported by citation of authority as required by USCR 6.1; the trial court considered the petition without the requisite showing of the legal standard required for a holding of contempt; and appellee failed to present evidence to the court sufficient to shift the burden to appellant to show cause why she should not be held in contempt. USCR 6.1 on its face pertains to motions "made prior to trial." A petition of contempt is not a "motion made prior to trial" within the meaning of USCR 6.1. Moreover, a trial judge is presumed to know the law, *Rowe v. Rowe*, 195 Ga. App. 493 (2) (393 SE2d 750), and would not abuse his discretion by declining to dismiss a motion for failure to comply with the citation provisions of USCR 6.1. Moreover, the record does not establish that the trial judge prejudicially applied an erroneous legal standard. Further, appellant's contention that there was no stipulation to the facts contained in appellee's affidavit accompanying her petition is without merit; assuming arguendo, USCR 6.1 had been applicable, it does not require that facts contained in affidavits be stipulated. Also, appellant by his factual assertion in his brief that "no evidence other than [appellee's] unstipulated allegations of fact accompanied said petition," is an admission in judicio that the petition was accompanied by an affidavit of fact. *Weir v. McGill*, 203 Ga. App. 431, 432 (417 SE2d 57); *Bannister v. State*, 202 Ga. App. 762, 766 (415 SE2d 912); *West v. Nodvin*, 196 Ga. App. 825 (397 SE2d 567). Appellant's other assertions in support of this enumeration likewise are without merit.

2. The superior court did not err in not finding appellee and her attorney in contempt of its order of August 26, 1992. No response was required of appellee to appellant's response and counter petition, as the trial court did not require one. OCGA § 9-11-12 (a). Moreover, averments in a pleading to which no responsive pleading is required

or permitted shall be taken as denied or avoided. *Chan v. W-East Trading Corp.*, 199 Ga. App. 76, 80 (5) (403 SE2d 840). The trial judge in this case was the factfinder. The transcript of evidence does not establish, as a matter of law, that appellee was in contempt of the consent order. " ' " " 'A trial judge sitting without a jury is entitled to have his judgment considered as a verdict by a jury' " ' " (*Collier v. South Carolina Ins. Co.*, 205 Ga. App. 323, 324 (422 SE2d 52)); accordingly, it would be inappropriate for this court to substitute its judgment for that of the trial court regarding the weight of evidence and witness credibility.

3. Appellant asserts " '[a]n order or judgment that merely declares the rights of the parties, without any express command or prohibition, is not one which may be the basis of contempt proceedings.' " *Ogletree v. Watson*, 223 Ga. 618, 619 (2) (157 SE2d 464). We accept this as a correct statement of law; however, the order in this case does contain an "express command or prohibition" within the meaning of *Ogletree*, supra.

4. Contrary to appellant's contentions, the trial court did not capriciously issue summary punishment. Compare *Jackson v. State*, 225 Ga. 553, 557 (4) (170 SE2d 281) and *Young v. Champion*, 142 Ga. App. 687, 690 (2) (236 SE2d 783). Appellant was found in contempt following a hearing. Appellant received adequate notice and a hearing at which she was accorded the right of confrontation and a meaningful opportunity to respond to the allegations of contempt; she was not denied any right of due process. Compare *McDaniel v. State*, 202 Ga. App. 409, 411 (414 SE2d 536) where appellant was deprived of the basic due process components of reasonable notice and meaningful opportunity to respond. Moreover, the mere fact that appellant appeared at the hearing pro se does not constitute a denial of due process; at the hearing, appellant cross-examined opposing witnesses, testified in her own behalf, asserting a defense of mistake of fact as to which hedges were included within the consent order, and offered photographs of the hedges in support of her contentions. This enumeration that appellant was denied rights of liberty and property without due process is without merit.

5. Appellant argues there is nothing in the record to support the trial court findings that the judge left his bench, utilized appellant's table, and demonstrated in three dimensions the prohibition against appellant's cutting the top of the hedges. Suffice it to say appellee testified that at the consent order hearing: "The consent order that we just got from the judge specifically states that she cannot touch the top of the hedges. She can only go on the part fronting to her. The judge came out of his chambers' chair and came down . . . at that table . . . at the front and explained [the consent order] to us specifically. I was asked not to cut the hedges. . . . My son was given

permission by the judge to cut the hedges. . . . At that time, he asked us did we understand everything. . . . [E]verything was ironed out at this same courtroom at this same table. . . . He wrote the consent up. . . . At that particular time, [appellant] stated that she understood. I understood and we signed the consent order." This testimony substantially addresses the same matters stated on the hearing record by the trial judge. Assuming arguendo that the trial court erred by stating on the record the manner in which he instructed the parties as to the terms of the consent order, such error was rendered harmless by the duly admitted, substantially cumulative testimony of appellee regarding such instructions. See *Chester v. State*, 162 Ga. App. 10, 14 (290 SE2d 117); accord *Platt v. Nat. Gen. Ins. Co.*, 205 Ga. App. 705, 710 (1) (423 SE2d 387).

6. The appellate standard of review of a criminal contempt conviction is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *In re Smith*, 205 Ga. App. 857, 858 (424 SE2d 45). On appeal an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Grant v. State*, 195 Ga. App. 463 (1) (393 SE2d 737).

Applying the above standard and rule, we find that a rational finder of fact could conclude, beyond a reasonable doubt, that appellant had committed an act of contempt. Further, we will not disturb the trial court's finding that "this court is not convinced by defendant's representations of a misunderstanding regarding the requirements of the subject consent order." The rejection of appellant's claim of mistake was based on the weighing of the evidence and determination of witness credibility; we will not reverse the trial court as to such matters where, as here, a factfinder could conclude, beyond a reasonable doubt, that appellant was in contempt. Accordingly, the trial court did not err in finding appellant in contempt.

*Judgment affirmed. Pope, C. J., and Andrews, J., concur.*

DECIDED AUGUST 20, 1993 —
RECONSIDERATION DENIED SEPTEMBER 15, 1993

Ann R. Arnold, *pro se.*
*Mohr & Farnham, Bill M. Mohr*, for appellee.