## A94A2187. In re SHAFER.
### (455 SE2d 421)

JOHNSON, Judge.

Herbert Shafer, an attorney, appeals from the judgment of contempt entered against him by Judge David T. Emerson of the Douglas County Superior Court.

The only record before this court is the trial court's June 20, 1994 order holding Shafer in contempt. The order reflects the following: At a June 20, 1994 calendar call, the trial judge admonished Shafer regarding improper use of the court's subpoena power and cautioned him to deal with witnesses in a professional manner in accordance with State Bar rules.[1] In response, the order indicates that Shafer "proceeded to make numerous remarks concerning his resentment of the treatment he had received from the court . . . [and] through his words, conduct and demeanor in open court exhibited disrespect for this court and its authority." The order further recites that, "[u]pon that conduct," the trial judge found Shafer in contempt and ordered that he be held in the custody of the sheriff until 8:00 p.m. of that same day and fined the sum of $250.

It is clear from the trial court's order (and from the briefs before this court) that, based on Shafer's conduct in the presence of and observed by the trial judge, Shafer was summarily adjudicated and punished for direct (i.e., committed in the judge's presence) criminal (i.e., punitive rather than remedial) contempt of court. The power to summarily adjudicate and punish for direct criminal contempt is derived from the court's authority to maintain courtroom order and decorum. "During trial, a trial judge has the power, when necessary to maintain order in the courtroom, to declare conduct committed in his presence and observed by him to be contemptuous, and, after affording the contemnor an opportunity to speak in his or her own behalf, to announce punishment summarily and without further notice or hearing." *Dowdy v. Palmour*, 251 Ga. 135, 141-142 (304 SE2d 52) (1983).

---

[1] Shafer was cautioned for his conduct in two separate incidents recounted in the trial court's order. First, Shafer subpoenaed various law enforcement officers and their investigative files to the court's calendar call on June 13, 1994, even though the June 13 calendar call was held, not for the purpose of considering testimony or evidence, but merely to ascertain whether or not cases would be ready for trial on June 20, 1994. Second, at the June 20 calendar call, the State's attorney brought to the court's attention that a witness present in court pursuant to a subpoena issued by Shafer was complaining about how she had been treated by Shafer. On inquiry into the matter, the trial judge was informed that Shafer had engaged in a heated discussion with the witness' employer and had informed the employer that he would subpoena "his ass to court." Shafer confirmed to the trial judge that the incident with the witness' employer had occurred and that he had used the above quoted language. Shafer was not found in contempt for these two incidents. Rather, as the trial court's order indicates, the judge decided to caution Shafer based on a concern that Shafer had improperly used the court's subpoena power in these incidents to inconvenience the law enforcement officers and to harass or threaten a potential witness.

"A trial judge may find an attorney in contempt of court without trial by jury where the penalty actually imposed does not exceed six months." Id. at 141; OCGA § 15-7-4 (5).

1. In his first enumeration of error, Shafer contends that the contempt order is deficient on its face in that it fails to set forth the facts upon which the trial court concluded that he was guilty of contempt. The order sets forth the trial judge's conclusions regarding Shafer's conduct but does not give any factual description of the conduct itself and we have no transcript of the calendar call at which the allegedly contumacious behavior occurred.

In a summary contempt proceeding, objectively observable and describable behavior that causes an articulable interference with the administration of justice must be demonstrably present. Both the bad conduct and its adverse impact must be set forth with specificity in the ruling by the court that finds as a matter of fact that no justification exists for the alleged contemnor's behavior. If these procedural steps are taken verbally, as is usually the case with a court trying to restore some immediate order in its proceedings, the judge must *as soon as possible* create a written record that preserves the following: (1) the notice to the perpetrator of the offensive conduct subject to being viewed as contemptuous due to its actual or imminent adverse impact; (2) a detailed description of the bad acts committed or omitted by the perpetrator despite a contemporaneous warning by the court to refrain; (3) an explanation of the deleterious impact on the court's operations or its integrity; (4) a recitation of the perpetrator's reasons given as justification for the questionable conduct; (5) a finding of fact by the judge of direct conduct interfering with the court's administration of justice, or imminently threatening such consequences; and (6) an order declaring the respondent in contempt of court and imposing a statutorily authorized sanction. Because the order does not sufficiently set forth the words or acts or circumstances upon which the trial judge found Shafer in contempt, we are unable to review the court's judgment to determine whether the evidence was sufficient for the trial court to conclude beyond a reasonable doubt that Shafer was guilty of conduct constituting direct criminal contempt for which summary adjudication and punishment was authorized. See *Garland v. State*, 99 Ga. App. 826 (110 SE2d 143) (1959); *In re Bryant*, 188 Ga. App. 383, 384 (373 SE2d 74) (1988).

Because, in effect, the trial judge is the judge, jury and executioner with regard to direct, summary contempt findings, it is imperative for purposes of review that the record clearly reflect the behavior of both the court and the offender. Here, the trial judge did not contemporaneously set forth with specificity those comments or actions which it found objectionable, summarily stating in its order: "Mr. Schaefer (sic) them (sic) proceeded to make numerous remarks con-

cerning his resentment of the treatment he had received from the court. Mr. Schaefer through his words, conduct and demeanor in open court exhibited disrespect for this court and its authority." This summary order, unsupported by a properly perfected record, is insufficient for appellate review. Neither do we believe that the deficiency in perfecting the record can be cured on remand. Remand is only appropriate in those cases where there was a proper record made *at the time* and the order is inadequate but could be made adequate upon review of the existing record. In cases such as this, where no record was properly made below, remand is clearly inappropriate.

This case is similar to *In re Adams*, 215 Ga. App. 372 (450 SE2d 851) (1994), a case in which the events which triggered the courtroom behavior which the trial court claimed constituted the contempt actually occurred sometime previously. In *Adams*, it was alleged fraudulent modification of an accusation form, here, an alleged misuse of the court's subpoena power. In *Adams*, this court pointed out that if it is the underlying contempt the court wishes to address, the proper procedure to be followed must include being cited for contempt, notice of a hearing before another judge, the opportunity to be represented by counsel and to call witnesses on his behalf. Here, the trial judge, by his own admission, publicly admonished Shafer regarding his use of subpoenas, intimating that it was contemptuous. Shafer's frustration with having been denied due process, if in fact, the judge intended to find him in contempt for his *previous* actions is understandable. We do not in any way intimate here that Shafer's subsequent behavior, whatever it was, was becoming of an officer of the court.

"[T]his Court is compelled, on review of an appeal of a criminal contempt conviction, to utilize the standard of whether, after reviewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt." *In re Smith*, 205 Ga. App. 857, 858 (424 SE2d 45) (1992). To the extent that we have no competent evidence before us for review, and the creation of competent evidence at this point, raises a specter of unreliability, Shafer's contempt must be reversed.

2. In light of our holding in Division 1 above we decline to address Shafer's remaining allegations of error.

*Judgment reversed. McMurray, P. J., Birdsong, P. J., Pope, P. J., Blackburn and Smith, JJ., concur. Beasley, C. J., Andrews and Ruffin, JJ., concur in part and dissent in part.*

ANDREWS, Judge, concurring in part and dissenting in part.

I agree with the majority's conclusion that this case involved summary adjudication and punishment for direct criminal contempt. As the majority states: "During trial, a trial judge has the power,

when necessary to maintain order in the courtroom, to declare conduct committed in his presence and observed by him to be contemptuous, and, after affording the contemnor an opportunity to speak in his or her own behalf, to announce punishment summarily and without further notice or hearing." *Dowdy v. Palmour*, 251 Ga. 135, 141-142 (304 SE2d 52) (1983).

I further agree that, because the trial court's order failed to sufficiently set forth the words, acts, or circumstances upon which the court based its judgment of contempt, this court cannot review the trial court's judgment under the reasonable doubt standard, and the judgment of contempt must be reversed.

I disagree, however, with the majority's conclusion that a remand is inappropriate because there is no existing record or transcript of the allegedly contemptuous behavior made at the time of such behavior. This court has held that, where the judgment of contempt does not contain facts sufficient for appellate review, a remand for the purpose of allowing the trial court to set forth the facts is the appropriate procedure. *Garland v. State*, 99 Ga. App. 826 (110 SE2d 143) (1959); *Garland v. State*, 101 Ga. App. 395 (114 SE2d 176) (1960); *Spruell v. State*, 145 Ga. App. 720 (244 SE2d 636) (1978); *Spruell v. State*, 148 Ga. App. 99 (250 SE2d 807) (1978); *Jordan v. Hodges*, 162 Ga. App. 473 (291 SE2d 778) (1982).

The majority holds that a reviewable record of the events cannot be reconstructed on remand where there is no transcript of the events, and the trial court did not contemporaneously create an adequate written record describing the events. To the contrary, reconstruction of the record on remand comports with the procedures set forth in OCGA § 5-6-41 for preparation of a record from recollection. "Where a trial is not reported as referred to in subsections (b) and (c) of this Code section or where for any other reason the transcript of the proceedings is not obtainable and a transcript of evidence and proceedings is prepared from recollection, the agreement of the parties thereto or their counsel, entered thereon, shall entitle such transcript to be filed as a part of the record in the same manner and with the same binding effect as a transcript filed by the court reporter as referred to in subsection (e) of this Code section. In case of the inability of the parties to agree as to the correctness of such transcript, the decision of the trial judge thereon shall be final and not subject to review; and, if the trial judge is unable to recall what transpired, the judge shall enter an order stating that fact." OCGA § 5-6-41 (g).

Under OCGA § 5-6-41 (g), the trial judge is empowered to act as the final arbiter in any reconstruction of a description of unreported events. The judge's recollection is final unless the judge enters an order stating that he or she is unable to recall what transpired. The section obviously contemplates that, if the trial judge is able to recall,

the decision of the judge is final as to disputed matters involving the parties and the court. There is no reason to hold that trial judges involved in direct summary contempt proceedings are not allowed on remand to recall what happened in front of them in the trial court.

Moreover, this case is not, as the majority states, like *In re Adams*, 215 Ga. App. 372 (450 SE2d 851) (1994). There, we held that the case was not properly one for imposition of summary contempt, because it was clear that the trial court held Adams in contempt, not for present conduct observed by the court, but for conduct which occurred 21 days earlier. Accordingly, we found that Adams was entitled to notice of the charges, and a hearing before another judge. See *Strayhorn v. Staley*, 177 Ga. App. 458 (339 SE2d 740) (1986); *In re Gouge*, 206 Ga. App. 462, 464-465 (425 SE2d 882) (1992); *Dowdy*, supra at 141-142. Here, the contempt order shows that the trial judge's inquiry into Shafer's conduct in the prior matters was not a basis for the court's finding of contempt. The only action taken by the trial judge as a result of Shafer's prior conduct in these matters was to verbally caution Shafer. Shafer's reaction to this caution, in the presence of the court, was the basis for the judge's finding that he was guilty of direct criminal contempt of court. Under these circumstances, Shafer was only entitled to be given an opportunity to speak in his own behalf prior to the court's announcement of summary punishment for contempt. *Dowdy*, supra at 141-142. Accordingly, I disagree with the majority's suggestion that Shafer was deprived of any due process rights to notice of charges or a hearing.

This case should be reversed and remanded for the trial court to set forth the specific facts upon which the judgment of contempt was based, if the trial judge recalls.

I am authorized to state that Chief Judge Beasley and Judge Ruffin join in this dissent.

DECIDED MARCH 17, 1995.

*Herbert Shafer*, pro se.
*Spruell & Dubuc, Billy L. Spruell*, for appellant.
*David McDade, District Attorney, William H. McClain, Assistant District Attorney*, for appellee.