## A03A1444. H. J. RUSSELL & COMPANY v. MANUEL.
### (590 SE2d 250)

BARNES, Judge.

H. J. Russell & Company ("Russell") appeals from the superior court's order finding it in contempt of a consent order entered in the magistrate court before transfer to the superior court. Although we affirm the superior court's finding that Russell was in contempt, we must vacate part of the punishment imposed as it exceeds the punishment authorized.

The record shows that Russell filed a dispossessory action against Cathy Manuel ("Manuel") for holding the premises "over and beyond the term for which they were leased to [her]." Manuel answered and counterclaimed for money damages based upon Russell's failure to repair. She subsequently amended her counterclaim to assert a personal injury claim based on Russell's failure to repair.

A mediation with the Fulton County Landlord/Tenant Mediation Project resulted in a "Consent Reset Order" that was signed by the parties as well as the magistrate judge. It specifically provides that "[t]he above agreement is hereby made the Order of this Court." The preprinted portion of this order states that "Landlord shall make the following listed repairs," and the following repairs were listed by hand:

> all ceiling leaks/holes
> water heater
> running faucet in bath tub
> clean mildew/mold from unit
> replace water stained and damaged carpet.

Finally, the order states that the case was reset for a hearing on July 30, 2002, "to determine if the repairs have been done and if the funds shall be released to Landlord." On July 30, 2002, the magistrate court held a hearing and transferred the case to the superior court based upon the dismissal of the dispossessory action by Russell and an unidentified motion of the defendant that does not appear in the record before us.

After the transfer to superior court, Manuel filed a motion for contempt based on Russell's alleged failure to make the repairs listed in the consent order. The superior court held an evidentiary hearing and found Russell in wilful contempt of the magistrate court's order. At the hearing, Manuel called two expert witnesses who testified that they made two visits to Manuel's apartment and found high levels of mold contamination which has been linked to respiratory ailments. One of these witnesses also testified that he found a leaking pipe in the ceiling, and the faucet in the bathtub ran and could not be turned off. He also testified that he saw water leaking in the ceiling, and, although he saw that some repairs had been made to damage on the ceiling caused by water, he saw no evidence that the leaks themselves had been repaired. The other witness testified that he found a leak in the bathroom floorboard. In the opinion of these experts, the leaks should have been repaired first, and then the drywall and carpets should have been replaced.

Manuel testified that she asked Russell's workers to replace the carpets, but they refused, and that after Russell's work, the faucets continued running and mold was still present in the kitchen and bathroom. She also testified that she asked Russell to make additional repairs, but Russell's maintenance man said nothing could be done.

At the hearing Russell relied upon the testimony of its maintenance supervisor at the apartments. He testified that Russell repaired and applied mildew remover to the ceilings, painted the ceilings, repaired the leaking faucet, and had a contractor clean the carpet. He denied that the pipes continued to leak and denied that Manuel continued to complain about the mold.

The superior court apparently did not find Russell's witness credible and found that Russell had not made the repairs required by the consent order. Consequently, the court found Russell in contempt.

1. Russell first asserts that the magistrate court's order is void because it lacked the subject matter jurisdiction to provide equitable relief, i.e., ordering Russell to perform repairs. Russell argues that we must therefore reverse the superior court's order finding it in contempt, because an order which is void for lack of jurisdiction cannot form the basis of a contempt proceeding. See *In re Estate of Adamson*, 215 Ga. App. 613 (451 SE2d 501) (1994). We disagree.

OCGA § 15-10-2 provides that a magistrate court "shall have jurisdiction and power over . . . [t]he issuance of summons, trial of issues, and issuance of writs and judgments in dispossessory proceedings and distress warrant proceedings as provided in Articles 3 and 4 of Chapter 7 of Title 44." Articles 3 and 4 of Title 44 relate to dispossessory and distress warrant proceedings. See OCGA §§ 44-7-

50 et seq.; 44-7-70 et seq. OCGA § 44-7-53 (b) authorizes a magistrate court to try a contested dispossessory case, and OCGA § 44-7-55 outlines the following judgments that can be obtained:

> (a) If, on the trial of the case, the judgment is against the tenant, judgment shall be entered against the tenant for all rents due and for *any other claim relating to the dispute.* The court shall issue a writ of possession, both of execution for the judgment amount and a writ to be effective at the expiration of seven days after the date such judgment was entered, except as otherwise provided in Code Section 44-7-56.

(Emphasis supplied.) And,

> (b) If the judgment is for the tenant, he shall be entitled to remain in the premises and the landlord shall be liable for all foreseeable damages shown to have been caused by his wrongful conduct. Any funds remaining in the registry of the court shall be distributed to the parties in accordance with the judgment of the court.

Based on these provisions, subject matter jurisdiction over the complaint and counterclaim clearly rested with the magistrate court. The issue we must resolve is whether the magistrate court had the power to order a remedy agreed to by the parties in mediation, so that the violation of the court order might be punishable by contempt.

Although our constitution provides that superior courts shall have exclusive jurisdiction of equity cases, Ga. Const., Art. VI, Sec. IV, Par. I, we do not find this to be an equitable case. OCGA § 44-7-55 (a) provides that "judgment [in a dispossessory action] *shall* be entered against the tenant for all rents due and for any other claim relating to the dispute." (Emphasis supplied.) The statute "intends for all related claims between the landlord and the tenant to be determinable in the dispossessory proceeding." (Citation and punctuation omitted.) *Atlanta J's, Inc. v. Houston Foods*, 237 Ga. App. 415, 419 (3) (514 SE2d 216) (1999).

Further, "[e]ach court may exercise such powers as necessary in aid of its jurisdiction or to protect or effectuate its judgments; but only the superior and appellate courts shall have the power to issue process in the nature of mandamus, prohibition, specific performance, quo warranto, and injunction." Ga. Const., Art. VI, Sec. I, Par. IV. Additionally, OCGA § 15-1-3 outlines seven ancillary powers common to all courts, and included within those enumerated powers is the authority "[t]o compel obedience to its judgments [and] orders."

OCGA § 15-1-3 (3). Thus, the magistrate court had the authority to compel Russell to comply with the consent judgment to which Russell voluntarily agreed. Because it was not a dispossessory case, *Mahan v. Watkins*, 256 Ga. App. 260, 261-262 (568 SE2d 130) (2002), noting that the magistrate court lacked jurisdiction to "provide an equitable remedy by ordering the removal of the retaining wall," does not require a different result in this case.

2. We find Russell's contention that the evidence does not support the finding of contempt to be without merit. On appeal, the standard of review of a criminal contempt conviction is whether, after reviewing the evidence in the light most favorable to the finding of contempt, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Arnold v. McKibbins*, 210 Ga. App. 262, 265 (6) (435 SE2d 685) (1993). The evidence, outlined above, is sufficient to establish that Russell wilfully failed to stop the leaks that caused the damage and the mold.

3. Although Russell correctly contends that attorney fees may not be imposed as a punishment for criminal contempt, *Ragsdale v. Bryan*, 235 Ga. 58, 59 (218 SE2d 809) (1975), the record shows that the superior court awarded attorney fees to Manuel under OCGA § 9-15-14. On appeal, we review awards imposed pursuant to OCGA § 9-15-14 (a) on an any evidence standard and OCGA § 9-15-14 (b) on an abuse of discretion standard. *Bankhead v. Moss*, 210 Ga. App. 508, 509 (1) (436 SE2d 723) (1993). Review of the superior court's order under either standard, however, shows that it does not contain the findings necessary to support an award under this Code section. *MacDougald v. Phillips*, 262 Ga. 778 (425 SE2d 652) (1993); *MacDougald v. Phillips*, 213 Ga. App. 575 (445 SE2d 357) (1994). Therefore, this portion of the order of the superior court must be vacated and the case remanded to the superior court for consideration of the issue under the standards of awards pursuant to OCGA § 9-15-14, and to enter an award, if appropriate.

4. Finally, Russell contends the superior court exceeded the authorized punishment for contempt by ordering Russell to relocate Manuel to another apartment, pay all the expenses associated with the relocation, and reimburse her for the cost of a new mattress and box spring comparable to that owned by her, not to exceed $500. We agree. Superior courts are given authority by OCGA § 15-6-8 (5) "[t]o punish contempt by fines not exceeding $500.00. . . ." On remand, if the trial court concludes that the evidence is sufficient to find appellant in contempt of the consent order beyond a reasonable doubt, it may then impose a fine not exceeding $500. *Mathis v. Corrugated Gear &c.*, 263 Ga. 419, 422 (6) (435 SE2d 209) (1993). Although the superior court's order and comments at the hearing show that it was concerned about limiting the amount of expenditures to $500 and

that the court may not have intended the relocation and the expenses associated with the move to be part of the punishment for contempt, the court's order does not make that distinction. Accordingly, we also vacate this part of the superior court's order imposing punishment for contempt and remand the case for reconsideration of the punishment imposed.

*Judgment affirmed in part and vacated in part and case remanded. Andrews, P. J., and Adams, J., concur.*

DECIDED NOVEMBER 21, 2003 — 

*Hall, Booth, Smith & Slover, Michael A. Pannier, Holly M. Miller*, for appellant.

*Charles F. Peebles*, for appellee.